STATE OF NORTH CAROLINA v. GORDON ROWE

No. 768SC213

(Filed 7 July 1976)

Jury § 3; Constitutional Law § 29— alternate juror in jury room — mistrial
 The trial court erred in failing to order a mistrial where an alternate juror was in the jury room with the jury after they had begun their deliberations, notwithstanding the court advised defense counsel that a mistrial would be granted if defendant moved for a mistrial and defendant declined to make such a motion.

APPEAL by defendant from *Small, Judge.* Judgment entered 20 January 1976 in Superior Court, WAYNE County. Heard in the Court of Appeals 10 June 1976.

By separate indictments proper in form defendant was charged with (1) possession of heroin with intent to sell, (2) sale of heroin, and (3) conspiracy to possess and sell heroin. He pled not guilty to all charges.

At the close of the State's evidence, the court allowed defendant's motion for directed verdict as to the conspiracy charge but denied his motions to dismiss the other charges. Defendant presented no evidence.

The jury found defendant guilty of charges (1) and (2) and from judgment imposing active prison sentence, he appealed.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*J. Faison Thomson, Jr., for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the failure of the trial court to order a mistrial for the reason that an alternate juror was present in the jury room with the jury after they began their deliberations. The assignment must be sustained.

The record discloses: The court concluded its charge to the jury at 11:35 a.m., instructed the jury to go to their room to deliberate on their verdict, and took a ten minutes recess. Immediately following the recess, and being informed that it had failed to excuse the thirteenth juror, the court had the jury returned to the courtroom. The court asked the jurors several questions including whether they had "begun discussing or deliberating upon the merits of the case." The foreman replied that they had.

In the recent case of *State v. Bindyke,* 288 N.C. 608, 623-27, 220 S.E. 2d 521, 531-33 (1975), in an opinion by Chief Justice Sharp, our Supreme Court said:

> The rule formulated by the overwhelming majority of the decided cases is that the presence of an alternate, either during the entire period of deliberation preceding the verdict, *or* his presence at any time during the *deliberations* of the twelve regular jurors, is a fundamental irregularity of constitutional proportions which requires a mistrial or vitiates the verdict, if rendered. And this is the result notwithstanding the defendant's counsel consented, or failed to object, to the presence of the alternate. (Numerous citations.)

> \* \* \*

> After considering the decisions expounding both the majority and minority views we are constrained to adopt the majority rule and hold that the presence of an alternate in the jury room during the jury's deliberations vio-

State v. Rowe

lates N. C. Const. art. I, § 24 and G.S. 9-18 and constitutes reversible error *per se.*

\*     \*     \*

. . . We hold that at any time an alternate is in the jury room *during deliberations* he participates by his presence and, whether he says little or nothing, his presence will void the trial.

While the court's inquiry in the case at bar revealed that the alternate juror did not sit at a table with the twelve jurors while they began their discussion and deliberation, the fact remains that the alternate was *present,* thereby voiding the trial. Commendably, the able trial judge, by questioning the jurors, attempted to establish before verdict that defendant had not been prejudiced; nevertheless, the rule laid down in *Bindyke* was clearly violated.

It is true that when the alternate was removed the court advised defense counsel that if he would move for a mistrial, the motion would be granted; and that counsel, after conferring with defendant, informed the court that defendant did not wish to make such motion. Again we quote from the opinion in *Bindyke,* 288 N.C. at 623, 220 S.E. 2d at 530: "An unbroken line of North Carolina cases hold that in felony· trials the accused must be tried by a jury of twelve and he cannot consent to a lesser number. The rule is restated and authorities cited in *State v. Hudson,* 280 N.C. 74, 185 S.E. 2d 189 (1971)."

If a defendant in a felony trial cannot consent to a trial by fewer than twelve jurors, we fail to perceive how he can assent to deliberations by more than twelve. In *People v. Bruneman,* 4 Cal. App. 2d 75, 40 P. 2d 891 (1935), one of the cases cited and quoted from in *Bindyke,* the California court held that the constitution of that state guaranteed a defendant the right of trial by jury as the right existed at common law, and one of the essential characteristics of the common law jury is that "twelve persons, not more nor fewer, shall pass upon the issues of fact."

For the reasons stated, the defendant is awarded a

New trial.

Judges HEDRICK and MARTIN concur.