STATE OF NORTH CAROLINA v. JOHN TURNER, JR.

No. 8015SC198

(Filed 2 September 1980)

Criminal Law § 122 – failure to admonish jury before overnight recess – no reversible error

Failure of the trial court to admonish the jury pursuant to G.S. 15A-1236 prior to an overnight recess was not reversible error per se; defendant failed to show that he was prejudiced by the court's failure to admonish; and defendant and his counsel, who were present in the courtroom when the overnight recess was ordered, should have called the court's attention to its failure to admonish if they were concerned about such omission.

APPEAL by defendant from *Herring, Judge.* Judgment entered 5 October 1979 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 11 June 1980.

Defendant was charged with the misdemeanor larceny of a man's suit from Sellars Department Store in Burlington on 25 May 1979. He was convicted as charged in District Court,

State v. Turner

appealed, was again convicted in Superior Court, and he appeals from the judgment imposing a confinement term of 12 months, with Work Release recommended.

The evidence for the State tends to show the following: Two employees in the men's department of the store observed defendant take two shirts to the dressing room; he came out wearing one of the shirts and looked in the mirror; he then took a three-piece white suit from the rack into the dressing room; he came out of the dressing room; both employees noticed that defendant had a bulge around the midriff; he put back the two shirts and walked out of the store. One employee went to the dressing room but was unable to find the white suit. The other employee followed defendant, saw him get in a car and drive off. The police department was called and given the license number on the car. After a police broadcast the automobile was located at a trailer home where defendant resided with his sister. A policeman and the two employees drove to the trailer. Defendant's sister refused to let the police search the trailer. After about forty-five minutes the police returned with a search warrant. The suit was not found.

Defendant testified that he went to the store to buy a shirt, that he selected a shirt and tried it on but did not buy it. He denied that he took a suit to the dressing room and from the store.

*No brief filed for the State.*

*Frederick J. Sternberg for defendant appellant.*

CLARK, Judge.

The issue raised by this appeal is whether the failure of the trial court to admonish, the jury as required by G.S. 15A-1236 is reversible error.

G.S. 15A-1236 provides as follows:

    (a) The judge at appropriate times must admonish the jurors that it is their duty:

(1) Not to talk among themselves about the case except in the jury room after their deliberations have begun;

(2) Not to talk to anyone else, or to allow anyone else to talk with them or in their presence about the case and that they must report to the judge immediately the attempt of anyone to communicate with them about the case;

(3) Not to form an opinion about the guilt or innocence of the defendant, or express any opinion about the case until they begin their deliberations;

(4) To avoid reading, watching, or listening to accounts of the trial; and

(5) Not to talk during trial to parties, witnesses, or counsel.

The judge may also admonish them with respect to other matters which he considers appropriate.

The record on appeal discloses that the jury retired to the jury room for its deliberations. After deliberating for some time the trial judge ordered their return to the courtroom. In response to a question from the judge, the jury foreman reported that their numerical division was eight to four. The judge then ordered a recess until 9:30 a.m. the following morning.

The record on appeal does not reveal that the trial judge admonished the jury as required by G.S. 15A-1236 before declaring the overnight recess or at any other time. In oral argument defense counsel, in response to questions from this panel, stated that on several occasions at the beginning of the weekly sessions the trial judge conducted a jury orientation during which he admonished the jury as required by the statute; but counsel was not present for the jury orientation at the beginning of the session in which the case before us was tried and thus did not know whether such admonishment had been made to the jurors empaneled in this case.

Clearly it would be an appropriate time to so admonish the jury immediately before an overnight recess, and particularly so if the jury had not been admonished theretofore as the record on appeal indicates in this case. The trial court erred in failing to comply with G.S. 15A-1236. The question is whether the error is such that the trial court result should be altered and the case remanded for a new trial.

Errors by the trial court should be corrected by the appellate courts if the error is prejudicial to a litigant because the most important purpose of appellate review is to insure justice under law. G.S. 15A-1443(a) provides in pertinent part that "[a] defendant is prejudiced . . . when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice under this subsection is upon the defendant." This statutory definition is a substantial prototype of the case law existing before the enactment of the statute. *See, State v. Stanfield*, 292 N.C. 357, 233 S.E. 2d 574 (1977); *State v. Cottingham*, 30 N.C. App. 67, 226 S.E. 2d 387 (1976).

But there is an exception to the general rule that trial error is reversible only if harmful or prejudicial. The exception is recognized by G.S. 15A-1443(a) which provides, in pertinent part, as follows: "Prejudice also exists in any instance in which it is deemed to exist as a matter of law or error is deemed reversible per se."

Trial errors which are deemed prejudicial or "deemed reversible per se" obviate the need for a litigant to show harm to his cause. Such errors generally violate established rules or procedures in the courts and justify reversal because they are prejudicial to the administration of justice. In *State v. Bindyke*, 288 N.C. 608, 220 S.E. 2d 521 (1975), it was held that the presence of an alternate juror in the jury room "during the jury's deliberations" violates Article I, Section 24 of our State Constitution and G.S. 9-18 and constitutes reversible error *per se. Id.* at 627, 220 S.E. 2d at 533. The *Bindyke* decision was followed by this Court in *State v. Rowe*, 30 N.C. App. 115, 226 S.E. 2d 231 (1976), which held that the mere presence of the alternate juror

when the jury began their discussion and deliberation voided the trial.

In our opinion the *Bindyke* decision does not control the case *sub judice*. The failure of the trial judge to admonish the jury at an appropriate time in violation of G.S. 15A-1236 does not involve the violation of a constitutional right. Nor do public policy and practical considerations preclude in this case any hearing to determine whether the failure to admonish prejudiced the defendant. It is noted that defendant and his counsel were present in the courtroom when the overnight recess was ordered. If defense counsel was concerned about the failure of the trial judge to admonish the jury, it would have been a simple matter for defense counsel to call to the attention of the judge such failure to admonish. Extending the reversible error *per se* rule to all violations of Chapter 15A of the General Statutes would result in many new trials for mere technical error, a result not intended by the legislature in light of the provisions of G.S. 15A-1443.

We have carefully examined defendant's other assignments of error and find them to be without merit.

No error.

Judges PARKER and WEBB concur.