STATE OF NORTH CAROLINA v. REGINALD LEE DANIELS

No. 8214SC174

(Filed 16 November 1982)

1. Criminal Law § 101.1— prospective juror's statement before entire panel—no abuse of discretion in denial of motion for mistrial

There was no abuse of discretion in the denial of defendant's motion for a mistrial after a prospective juror stated before the entire panel that a co-defendant, tried jointly with defendant, "used to go with [her] daughter and also . . . took [her] car at one time." The court excused the prospective juror who made the statement, asked whether any of the jurors chosen knew any reason why they could not be fair and impartial, and inquired whether the jurors understood that they were to consider each defendant separately and to return a separate verdict as to each of them. G.S. 15A-1061.

State v. Daniels

2. **Criminal Law § 101.4 — failure to give complete and proper instructions before various recesses during trial — no objections — no prejudicial error**

Where defendant did not object to the court's failure to give complete and proper instructions, pursuant to G.S. 15A-1236, before various recesses during the trial, there was no prejudicial error.

3. **Criminal Law § 89.8 — plea concession to witness in exchange for testimony — failure to give notice to defense — failure to show prejudice**

Defendant failed to show prejudice in the State's failure to give written notice of a plea concession to a witness in exchange for his testimony against defendant since there was evidence that defendant's attorney became aware that the witness had been allowed to plead guilty to a misdemeanor over two and one-half months prior to trial, and since the court inquired as to whether defendant required a recess to prepare cross-examination of the witness, and the attorneys indicated they did not. G.S. 15A-1054(c).

4. **Criminal Law § 89.10 — cross-examination concerning prior criminal record — untruthful answer — inability to introduce arrest record**

The trial court did not err, under existing law, in denying defendant's motion to require disclosure to the jury of the fact that a State's witness was untruthful about his prior criminal record.

5. **Criminal Law § 81 — photostatic copies of money taken in robbery — "best evidence rule" not applying**

The "best evidence rule" did not apply to the admission of photostatic copies of the money allegedly taken in a robbery since the contents or terms of the bills were not in question and the copies were used solely to illustrate the witness's testimony.

6. **Criminal Law § 117.4 — charge on credibility of State's witness — accomplice in crime**

An instruction with regard to the testimony of an accomplice in the robbery with which defendant was charged was substantially in accord with instructions approved in other cases.

7. **Robbery § 4.2 — common law robbery — sufficiency of evidence**

The evidence in a prosecution for common law robbery was sufficient to withstand defendant's motion to dismiss where it tended to show that the perpetrator of the robbery took $78.00 from a victim in a grocery store parking lot; that he drove away in a green Mercury Cougar; that a manager of a store adjacent to the grocery store saw the automobile leave the parking lot and called the police; that an officer stopped an automobile identified by the service manager; that defendant was in the front passenger seat; that a search of the occupants revealed $70.00 in the same denominations as the currency taken from the victim; that a torn piece of currency found on the ground near the victim's car matched one of the bills found on the occupant of the car; and that defendant purchased cigarettes from the grocery store shortly before the robbery.

APPEAL by defendant from *Martin, Judge.* Judgment entered 25 September 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals 17 September 1982.

Defendant appeals from a judgment of imprisonment entered upon his conviction of common law robbery.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*William G. Goldston for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court erred in denying his motion for mistrial made after a prospective juror stated before the entire panel that a co-defendant, tried jointly with defendant, "used to go with [her] daughter and also . . . took [her] car at one time." The statement was made in response to the court's question as to whether any member of the panel knew the co-defendant.

"Ruling on a motion for mistrial in a criminal case less than capital rests largely in the discretion of the trial court." *State v. McCraw,* 300 N.C. 610, 620, 268 S.E. 2d 173, 179 (1980). While G.S. 15A-1061 provides that the court "must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case," our Supreme Court "has stated that the resolution of this issue also is within the trial court's discretion." *State v. McGuire,* 297 N.C. 69, 74-75, 254 S.E. 2d 165, 169, *cert. denied,* 444 U.S. 943, 100 S.Ct. 300, 62 L.Ed. 2d 310 (1979), *citing State v. Swift,* 290 N.C. 383, 396, 226 S.E. 2d 652, 663 (1976).

Here the court excused the prospective juror who made the statement. It subsequently inquired whether any of the jurors chosen knew any reason why they could not be fair and impartial, and none responded in the affirmative. It also inquired whether the jurors understood that they were to consider each defendant separately and to return a separate verdict as to each. None of the jurors indicated they did not so understand. In denying the motion the court found as facts that each defendant had opportunity to examine all jurors concerning the remarks, that neither defendant had exercised all his peremptory challenges, and that

neither defendant had exercised any challenges for cause. Under these circumstances we find no "substantial and irreparable prejudice to the defendant's case," G.S. 15A-1061, and no abuse of discretion in denial of the motion for mistrial.

[2] Defendant contends the court erred in failing to give complete and proper instructions, pursuant to G.S. 15A-1236, before various recesses during the trial. Defendant did not object at the times he contends the court failed to instruct as required, nor did he request further instructions on those occasions as to which he contends the instructions were incomplete. Under the holding in *State v. Turner*, 48 N.C. App. 606, 269 S.E. 2d 270 (1980), we find no prejudicial error. *See also State v. Carr*, 54 N.C. App. 309, 310, 283 S.E. 2d 175, 176 (1981); *State v. Chambers*, 52 N.C. App. 713, 718-19, 280 S.E. 2d 175, 178-79 (1981).

[3] Defendant next contends the court erred in overruling his objection to the State's calling of a witness, lodged on the ground that the District Attorney failed to give notice to defense counsel, as required by G.S. 15A-1054(c), of a plea concession to the witness in exchange for his testimony against defendant. The record establishes that defendants' trial attorneys were present at the probable cause hearing, which occurred over two and one-half months prior to trial; and that at that hearing they became aware that the witness had been allowed to plead guilty to a misdemeanor. It also establishes that the District Attorney had talked with defendants' attorneys on several occasions and had made them aware that the witness was to testify for the State. The court asked defendants' attorneys at trial whether they claimed surprise upon learning that the witness was allowed to plead guilty to a misdemeanor, and neither responded affirmatively. It also inquired whether they required a recess to prepare cross-examination of the witness, and they indicated they did not.

The remedy for failure to comply with G.S. 15A-1054(c) is the granting of a recess upon motion by the defendant, not suppression of the testimony. *State v. Lester*, 294 N.C. 220, 229, 240 S.E. 2d 391, 398 (1978); *State v. Spicer*, 50 N.C. App. 214, 217, 273 S.E. 2d 521, 524, *disc. rev. denied*, 302 N.C. 401, 279 S.E. 2d 356 (1981). Because defense counsel indicated that a recess was not required, and because counsel had more than ample notice of the plea con-

cession and of the witness' pending testimony, defendant has shown no prejudice; and this assignment of error is overruled.

[4] Defendant contends the court erred in denying his motion to require disclosure to the jury of the fact that a State's witness was untruthful about his prior criminal record. The witness had responded in the negative when asked, on cross-examination, if he had pled guilty to a larceny charge in April 1979. His arrest record, which defense counsel presented to the District Attorney upon making the motion to require disclosure, indicated that in fact he had pled guilty to the charge.

While for purposes of impeachment the witness was subject to cross-examination with respect to prior convictions, his denial thereof could not be contradicted by introducing the conviction record or by otherwise proving the fact of conviction. *State v. Monk*, 286 N.C. 509, 517, 212 S.E. 2d 125, 132 (1975); *State v. Gaiten*, 277 N.C. 236, 240, 176 S.E. 2d 778, 781 (1970); *State v. King*, 224 N.C. 329, 30 S.E. 2d 230 (1944). Dean Brandis has noted "the profound irrationality of the exclusionary aspect of the rule," and has stated that "[i]f our Court continues to allow the original inquiry, then, like many other jurisdictions, it should permit *proof* of the record of conviction." 1 *Brandis on North Carolina Evidence* § 112, p. 415 (2d rev. ed. 1982). We concur in that observation. It is not in the province of this Court to change the rule, however; and because denial of defendant's motion was proper under the extant rule, this assignment of error must be overruled.

[5] Defendant contends the court violated the "best evidence rule" by allowing a State's witness, over objection, to use photostatic copies of the money allegedly taken in the robbery. The best evidence rule applies only where the contents or terms of a document are in question. *State v. Garner*, 34 N.C. App. 498, 500, 238 S.E. 2d 653, 654 (1977); 2 *Brandis, supra*, at § 191. The contents or terms of the bills were not in question here. The copies were used solely to illustrate the witness' testimony, and the court so instructed the jury. Photographs may be used by a witness "to explain or illustrate anything that is competent for him to describe in words." *State v. Swift, supra*, 290 N.C. at 395, 226 S.E. 2d at 662. *See also State v. Fulcher*, 294 N.C. 503, 510, 243 S.E. 2d 338, 344 (1978); 1 *Brandis, supra*, at § 34. This assignment of error is overruled.

[6]  Defendant contends the court erred in the following instruction with regard to the testimony of an accomplice in the robbery:

> [T]here's some evidence . . . that [the witness] was testifying under an agreement . . . for a charge reduction and a sentence concession . . . in exchange for his testimony. If you find that he testified in whole or in part for that reason then you should examine his testimony with great care and caution in deciding whether . . . to believe it. If after you have done so you believe the testimony . . . in whole or in part then you should treat what you believe the same as any other believable evidence in the case.

The instruction substantially accords with instructions approved in other cases. *See State v. Abernathy*, 295 N.C. 147, 154-55, 244 S.E. 2d 373, 378-79 (1978); *State v. Willard*, 293 N.C. 394, 411, 238 S.E. 2d 509, 519-20 (1977); *State v. Hairston and State v. Howard and State v. McIntyre*, 280 N.C. 220, 234-35, 185 S.E. 2d 633, 642, *cert. denied*, 409 U.S. 888, 93 S.Ct. 194, 34 L.Ed. 2d 145 (1972). There is no merit to this contention.

[7]  Defendant finally contends the court erred in denying his motion to dismiss. The motion requires consideration of the evidence in the light most favorable to the State, and the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom. *State v. McKinney*, 288 N.C. 113, 117, 215 S.E. 2d 578, 581 (1975). "If there is substantial evidence — whether direct, circumstantial, or both — to support a finding that the offense charged has been committed and that defendant committed it, a case for the jury is made and [dismissal] should be denied." *Id.* at 117, 215 S.E. 2d at 582.

The State's evidence here showed the following:

The perpetrator of the robbery took $78.00 from the victim while the victim was in her automobile in a grocery store parking lot. He then entered a green Mercury Cougar automobile and drove away. The service manager of a store adjacent to the grocery store saw the automobile leave the parking lot and called the police. An officer thereafter stopped an automobile which was identified by the service manager as the one he had seen leaving the parking lot. Defendant was in the front passenger seat, Harold Burton was in the driver's seat, and Anthony Jones was in

the back seat. Two officers searched the occupants and found $70.00 in Jones' pocket in the same denominations as the currency taken from the victim. Jones testified that defendant had handed him the $70.00 as the officer was about to stop the automobile.

Two officers took the suspects back to the parking lot. There a third officer found on the ground near the victim's car a torn piece of currency which matched a torn bill found on Jones. An employee of the grocery store sold a pack of Newport cigarettes to a man shortly before the robbery. When the suspects were brought back to the grocery store following their apprehension, the employee positively identified one of the three as the man who purchased the cigarettes, although she was unable to identify him in the courtroom at the time of the trial. Jones testified that he, defendant and Burton went to the grocery so that defendant could purchase cigarettes, and that he saw defendant enter the store. When the officers searched defendant, they found on his person a pack of Newports with only one or two cigarettes missing.

This evidence, judged by the standard set forth above, was sufficient to support a finding that the offense of robbery had been committed and that defendant was the perpetrator. The court thus properly denied the motion to dismiss.

No error.

Judges MARTIN (Robert M.) and ARNOLD concur.