STATE OF NORTH CAROLINA v. FORREST GREEN

No. 269A83

(Filed 3 November 1983)

**Criminal Law § 138— Fair Sentencing Act—aggravating factor—prior convictions —no objection by defendant to introduction of evidence**

Where defendant did not object to the introduction of evidence of his prior conviction or convictions, nor did he allege that he was indigent and not

represented by counsel at the time of his prior conviction or convictions, the Court of Appeals erred in holding that the State's failure to show that, at the time of his prior conviction or convictions, the defendant was either not indigent or was represented by or waived counsel rendered the finding of this aggravating factor by the trial court erroneous. G.S. 15A-1340.4(a)(1)(a).

APPEAL of right by the State, pursuant to G.S. 7A-30(2), from a decision of a divided panel of the Court of Appeals, 62 N.C. App. 1, 301 S.E. 2d 920 (1983), finding no error in the guilt-innocence determination phase of the defendant's trial but vacating the sentence entered and remanding to the trial court for resentencing.

The defendant was tried for murder in the second degree and convicted of manslaughter. During the sentencing hearing the trial court found certain factors in aggravation and mitigation, found that the factors in aggravation outweighed those in mitigation and sentenced the defendant to imprisonment in excess of the presumptive term. The defendant appealed to the Court of Appeals which found no error in the guilt-innocence determination phase of the defendant's trial. The Court of Appeals held, however, that two of the factors in aggravation were improperly found to exist by the trial court. The Court of Appeals vacated the sentence and remanded to the trial court for a new sentencing hearing. Judge Braswell dissented, and the State appealed to the Supreme Court as a matter of right.

*Rufus L. Edmisten, Attorney General, by Stephen F. Bryant, Assistant Attorney General, for the State-appellant.*

*Franklin B. Johnston, for the defendant-appellee.*

PER CURIAM.

The trial court found as a factor in aggravation that the defendant had a prior conviction or convictions for criminal offenses punishable by more than sixty days' confinement. G.S. 15A-1340.4(a)(1)(o). The defendant did not object to the introduction of evidence of his prior conviction or convictions, nor did he allege that he was indigent and not represented by counsel at the time of his prior conviction or convictions. Nevertheless, the Court of Appeals held that the State's failure to show that, at the time of his prior conviction or convictions, the defendant ei-

ther was not indigent or was represented by or waived counsel rendered the finding of this aggravating factor by the trial court erroneous. This holding by the Court of Appeals was error. *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983).

The Court of Appeals also held that the trial court erred in finding as a factor in aggravation that the defendant was armed with or used a deadly weapon at the time of the crime. G.S. 15A-1340.4(a)(1)(i). In its new brief filed in this Court, the State did not present or discuss any question concerning this holding by the Court of Appeals. Therefore, we leave undisturbed the holding of the Court of Appeals that this factor in aggravation was improperly found. Rule 28, North Carolina Rules of Appellate Procedure. If called upon during the resentencing hearing to determine whether this factor in aggravation is present, the trial court should review the evidence presented at that time in light of the recent decision of this Court in *State v. Blackwelder*, 309 N.C. 410, 306 S.E. 2d 783 (1983).

When the trial court erroneously finds any aggravating factor to exist, the defendant is entitled to a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983). As we have neither reviewed nor disturbed the holding of the Court of Appeals that the trial court erred in finding as a factor in aggravation that the defendant was armed with or used a deadly weapon at the time of the crime, the opinion of the Court of Appeals as modified herein must be affirmed.

Modified and affirmed.