STATE OF NORTH CAROLINA v. CABARRUS LYNDALE BRUTON

No. 838SC732

(Filed 7 February 1984)

**Criminal Law § 101.1— statement by prospective juror—mistrial not warranted**

> A prospective juror's statement, made in response to a *voir dire* question by the trial court as to whether any of the prospective jurors knew defendant, that defendant was the driver of a motor vehicle in a collision in which two of the juror's relatives were killed did not constitute misconduct of a juror warranting a mistrial in a prosecution for assault with a deadly weapon inflicting serious injury. Furthermore, the trial court's instructions to the effect that the fact that defendant may have been involved in a motor vehicle collision in which someone was killed had nothing to do with this case did not contain opinions of fact prejudicial to the defendant.

APPEAL by defendant from *Winberry, Judge.* Judgment entered 10 March 1983 in Superior Court, LENOIR County. Heard in the Court of Appeals 19 January 1984.

*Attorney General Edmisten, by Special Deputy Attorney General Charles J. Murray, for the State.*

*Joretta Durant for defendant appellant.*

BECTON, Judge.

Defendant appeals from a judgment imposing a ten-year sentence following his conviction of assault with a deadly weapon inflicting serious injury. Defendant's principal assignments of error concern the trial court's response to a prospective juror's statement during jury selection. Defendant's other assignments of error concern the sufficiency of the evidence to sustain the conviction and the trial court's consideration of defendant's prior conviction as an aggravating factor in sentencing defendant. For the reasons that follow, we find no error in the trial.

I

Defendant's arguments that the trial court committed reversible error (a) in denying the defendant's motion for mistrial made during the trial court's *voir dire* because of jury misconduct, and (b) because the trial court's curative instructions contained opin-

ions of fact prejudicial to the defendant, are closely related and are, therefore, treated together.

A. The transcript of the *voir dire* shows the following exchange between the trial judge and the members of the jury panel.

Do any of you know the defendant, you twelve now in the box know the defendant, Cabarrus Lyndale Bruton?

JUROR: Yes, sir.

COURT: How?

JUROR: He is my sister's grandson.

COURT: Would that fact that he is related to you by blood or marriage cause you any embarrassment?

JUROR: Yes, sir.

COURT: I'll let you step aside. Anyone else?

JUROR NUMBER 3: He was the driver of a motor vehicle in a collision in which two of my relatives were killed.

COURT: Would the fact that you know him cause you any embarrassment to sit on the jury or keep you in any way from being fair and impartial to him?

JUROR NUMBER 3: Yes.

COURT: I'll let you step aside.

The response by juror number 3 does not constitute "misconduct of a juror" that warrants a mistrial. Rather, as the State suggests in its brief, prospective juror number 3 was responding in an orderly manner to the trial judge's *voir dire* questions "and did not make an accusatory impromptu outburst villifying the defendant." We find it significant that the prospective juror's statement does not even suggest that defendant was charged or convicted of a criminal offense. It does not even suggest that defendant was negligent, guilty of misconduct, or in any way responsible for the accident. Not all statements or remarks made by individual prospective jurors in the presence of the jury panel constitute grounds for a challenge to the panel. 50 C.J.S. *Juries* § 262 (1947 & Supp. 1983).

As a further ground for our holding, we point out that the defendant had the burden of establishing that he was prejudiced in some way. The record does not show that the defendant was denied an opportunity to explore any possible prejudice. The record does not show that defendant used his peremptory challenges or that he challenged any jurors for cause. Simply put, the defendant has not established misconduct on the part of juror number 3, or that the statement made by juror number 3 prejudiced him in any way.

B. Defendant also argues that the trial court's curative instructions impressed "upon the panel that the fact that the defendant had been involved in a motor vehicle collision in which someone was killed, . . . expressed [the trial court's] opinion on a statement, the truth of which had not been proven." In our view, the trial court's instructions were entirely correct and lead to but one conclusion—mere involvement in an automobile accident does not mean wrongful participation, and such previous involvement has no bearing on the case being tried. Even with time to contemplate, we can think of no better statement than that given by the trial judge in this case. The instructions as given follow:

> Now ladies and gentlemen, let me say to you specifically you've heard the answer that the lady gave about this defendant having been involved in a motor vehicle collision. I want to say to you that the fact that he may have been involved in a motor vehicle collision at one time and that somebody was killed, has nothing to do with this case.

> That is a matter that happened sometime ago and has nothing to do with this case. The fact that he has been involved in such an accident is a matter that should not affect your thinking in this case.

> I've been involved in a motor vehicle collision in which someone has been killed. I've been the driver of a car that's been involved in a motor vehicle collision in which someone has been killed, and that does not have anything to do with this case or with my ability to sit on this case in any way, and so I specifically instruct you that that should not be of concern to you anyway. The fact that a person has been involved in an accident has nothing to do with this case in the world.

Now, is there anybody sitting there right now that is going to hold anything against this defendant in any way because he was involved in a motor vehicle in which someone was killed. The fact that he was involved does not mean that anything was wrong and you should not be prejudiced by that. Is there anyone that will be?

C. Because of our holding in parts I-A and I-B, *supra*, it is not necessary to discuss defendant's further assignments of error that the trial court committed reversible error in denying defendant's motion for appropriate relief based on juror misconduct and the trial court's curative instructions.

## II

Defense counsel candidly admits that he "cannot find any valid basis, factual or legal, upon which to support" his argument that the evidence was insufficient to sustain the conviction. "[I]n light of the ten-year sentence imposed upon [defendant, he asks] this Court carefully [to] review the evidence to determine if it is, in fact, sufficient to sustain the defendant's conviction." We have, and we agree with defense counsel. Rodney Meadows' testimony, as corroborated by Detective Louis Koonce, Jr., clearly shows that the defendant shot Rodney Meadows. The evidence was therefore sufficient to be submitted to the jury.

## III

On the basis of *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983), we reject defendant's contention that the trial court committed reversible error in considering defendant's prior conviction as an aggravating factor at the sentencing hearing.

In the trial of this case, we find

No error.

Judges ARNOLD and WHICHARD concur.