STATE OF NORTH CAROLINA v. NIGEL McKINNEY

No. 878SC610

(Filed 16 February 1988)

1. **Criminal Law § 101.1— comments of prospective juror—defendant not prejudiced**

   The trial court did not abuse its discretion in denying defendant's motion for a new trial based on comments by a prospective juror who worked at a correctional facility that he knew defendant's brother who was incarcerated at the facility and that "it ran in the family," since the trial court excused the juror, instructed the remaining jurors that they were to decide the case upon the evidence presented and the law in the case and nothing else, and carefully inquired with a series of questions if any juror had been prejudiced by the comment.

2. **Criminal Law § 138.23— voluntary manslaughter—sentence—carrying pistol to nightclub—aggravating factor**

   Defendant's possession and use of a pistol could not be used as a factor in aggravation of voluntary manslaughter, but the trial court considered defendant's conduct in carrying the pistol to a nightclub, which created circumstances leading to the crime, rather than the use of the pistol in the crime, to be the real aggravating factor.

3. **Criminal Law § 138.29— voluntary manslaughter—sentence—same evidence used to find two aggravating factors—error**

   The trial court could properly find as a non-statutory aggravating factor that defendant returned with a loaded pistol to a location where he previously had had trouble and had been told to stay away, since this conduct clearly increased defendant's culpability with respect to the crime; however, the trial court erred in using the same evidence to find the two separate factors of carrying a pistol to the club and returning to the club.

4. **Criminal Law § 134.4— defendant not sentenced as committed youthful offender—reasons not required**

   There was no merit to defendant's contention that the trial court erroneously believed that it could not sentence him as a committed youthful offender, since the trial court made specific findings as to both offenses that defendant should not obtain the benefit of release as a committed youthful offender, and the court was not required to state the reasons for its findings in the record.

APPEAL by defendant from Allsbrook (Richard B.), Judge. Judgments entered 16 January 1987 in Superior Court, WAYNE County. Heard in the Court of Appeals 8 December 1987.

Defendant was indicted for second degree murder and assault with intent to kill. At trial, State's evidence tended to show the

following: On the night of 20 June 1986, a teenage dance was being held at the Scirrocco Club in Goldsboro. At about 10:30 p.m., Charles Bryant, the owner of the club, was informed by his doorman that somebody was fighting outside the club. When Bryant went out to investigate, he saw defendant walking away with a gun in his hand. Bryant told defendant to leave and asked him not to return. Defendant left peacefully.

Later that evening, two customers at the club got into an argument. The two arguers went outside, and a crowd gathered around them. The crowd grew larger as the argument became more heated. Anthony Bryant and his cousin, Clinton Bryant, were in the crowd, and they got involved in the argument. At this point defendant, who had returned to the vicinity of the club, fired a shot in the air. The crowd's attention was distracted from the argument and the crowd began to move toward defendant. Anthony Bryant approached defendant and said "what's up with that gun." Defendant then shot Anthony in the leg. Clinton Bryant approached defendant and asked him why he shot Anthony, and defendant shot Clinton in the stomach. Clinton later died from the gunshot wound.

Defendant testified that he went by the club a second time that night because it was on his way home. He stated that the crowd, led by Anthony Bryant, approached him in a threatening manner before he ever fired a shot. He then fired a shot in the air, but the crowd kept coming. Defendant claimed that he was trying to shoot at the ground when he shot both Anthony and Clinton.

The jury returned verdicts finding defendant guilty of voluntary manslaughter and assault with a deadly weapon. Judge Allsbrook found factors in aggravation and mitigation of punishment with respect to the manslaughter conviction, and found that the factors in aggravation outweighed the factors in mitigation. From judgments imposing sentences of fifteen years for voluntary manslaughter and two years for assault with a deadly weapon, defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Kim L. Cramer, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Daniel R. Pollitt, for defendant-appellant.*

PARKER, Judge.

Defendant has brought forward four assignments of error: that the trial court erred (i) in failing to grant his motion for a mistrial after a prospective juror made improper comments during jury selection; (ii) in finding as a non-statutory aggravating sentencing factor that defendant was carrying a loaded pistol when the shooting occurred; (iii) in finding a non-statutory aggravating sentencing factor not reasonably related to the purposes of sentencing and in using the same evidence to prove two aggravating factors and (iv) in failing to sentence defendant as a committed youthful offender.

[1] Defendant first assigns error to the trial court's failure to grant his motion for a mistrial. The motion was made on the grounds that a prospective juror had made improper comments during jury selection and that the comments were heard by the other jurors, thereby precluding a fair trial for defendant.

Although there is no transcript of the jury selection proceedings, the record of the trial court's consideration of defendant's motion shows that the parties and the court were generally agreed as to what had transpired. The juror in question worked at a correctional facility. Upon being questioned as to whether his employment would bias him in defendant's trial, the juror responded that he knew defendant's brother, who was incarcerated at the facility. The juror apparently also made a statement to the effect that "it ran in the family."

The trial court excused the juror and instructed the remaining jurors that they were to decide the case upon the evidence presented and the law in the case and nothing else. Before the jury was impaneled, Judge Allsbrook addressed the jury as follows:

> [Y]ou are to disregard any statement made by any prospective juror in answer to any question during jury selection as it might bear upon the defendant's guilt or innocence. Is there any juror who cannot do that? [Negative response.] Is there any juror who would let any statement made by any prospective juror during jury selection affect your verdict in any way? [Negative response.] Is there any juror who will not be able to give the State and the defendant a fair and impar-

tial trial based upon the evidence presented, the argument of counsel and the charge of the Court as to the applicable law? Is there any juror who cannot do that? [Negative response.]

Defendant contends that, notwithstanding the trial court's instructions and inquiry, the comments of the prospective juror were so prejudicial as to require a mistrial. We disagree.

The decision whether to grant a mistrial rests in the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. *State v. Barts*, 316 N.C. 666, 682, 343 S.E. 2d 828, 839 (1986). In *State v. Daniels*, 59 N.C. App. 442, 297 S.E. 2d 150 (1982), a prospective juror stated before the entire panel that a codefendant who was being tried jointly with defendant "used to go with [her] daughter and also . . . took [her] car at one time." *Id.* at 444, 297 S.E. 2d at 152. This Court found no abuse of discretion in the denial of the motion for mistrial, noting that the trial court had inquired as to whether any of the jurors could not be fair and impartial; that the defendants had the opportunity to examine the jurors concerning the remarks; and that neither defendant had exercised all his peremptory challenges or exercised any challenges for cause. *Id.* at 444-45, 297 S.E. 2d at 152. *See also State v. Bruton*, 66 N.C. App. 449, 311 S.E. 2d 603 (1984) (mistrial not warranted when prospective juror stated that defendant had been involved in an auto accident in which two of the juror's relatives were killed).

Even though the prospective juror's comments in this case were improper, the burden of establishing prejudice was on the defendant. *State v. Bruton*, 66 N.C. App. at 451, 311 S.E. 2d at 605. As in *Bruton, supra*, and *Daniels, supra*, the record in this case does not show that defendant was denied the opportunity to question the jury regarding possible prejudice or that defendant used his peremptory challenges or his challenges for cause. This case is distinguishable from *State v. Mobley*, 86 N.C. App. 528, 358 S.E. 2d 689 (1987) in that the potentially prejudicial statements concerned defendant's brother and did not reveal any incriminating facts about defendant himself. Further, the trial court here not only instructed the remaining jurors not to consider the comment, but also carefully inquired with a series of questions if any juror had been prejudiced by the comment. No juror gave an

affirmative response. Under these circumstances, the trial court did not abuse its discretion in denying the motion for mistrial.

Defendant's next two assignments of error concern the trial court's finding of two non-statutory aggravating factors for sentencing purposes. These two assignments of error will be considered together.

[2] The only aggravating factors found by the trial court were the following non-statutory factors:

(a) The defendant carried a loaded 380 pistol to the night club where the incident occurred.

(b) After having had previous trouble at the night club that night and being told by the owner to leave, he later returned just before the shooting occurred.

Defendant contends that the trial court erred in finding factor (a) because the evidence used to prove it was also necessary to prove the offense of voluntary manslaughter. As to factor (b), defendant contends that it is not reasonably related to the purposes of sentencing and it is based on the same evidence used to prove factor (a).

We first consider defendant's argument concerning factor (a). General Statute 15A-1340.4(a)(1) provides in pertinent part: "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . ." Voluntary manslaughter is the unlawful killing of a human being without malice, premeditation or deliberation. *State v. Robbins*, 309 N.C. 771, 777, 309 S.E. 2d 188, 191 (1983). As the State points out in its brief, the use of a deadly weapon is not an essential element of voluntary manslaughter. In a recent decision, however, our Supreme Court gave a broader meaning to the term "element of the offense" as used in G.S. 15A-1340.4(a)(1).

In *State v. Evangelista*, 319 N.C. 152, 353 S.E. 2d 375 (1987), the defendant was convicted of involuntary manslaughter. The conviction was based on evidence that he had shot and killed the victim, and the trial court found as an aggravating factor that the defendant was armed with a deadly weapon. The Supreme Court held:

For the jury to convict the defendant of involuntary manslaughter . . . it necessarily found that the defendant was armed with and discharged a firearm. Therefore, the possession and discharge of the firearm in effect became an element of the offense, and the same evidence could not be considered as a factor aggravating the manslaughter for sentencing.

*State v. Evangelista*, 319 N.C. at 165, 353 S.E. 2d at 384. The facts of the present case come squarely within the holding in *Evangelista. See also State v. Green*, 62 N.C. App. 1, 4, 301 S.E. 2d 920, 921-22, *modified and aff'd per curiam*, 309 N.C. 623, 308 S.E. 2d 326 (1983). Therefore, defendant's possession and use of a pistol cannot be used as a factor in aggravation of the voluntary manslaughter.

On the facts of this case, however, it is clear that the trial court's finding that defendant carried a loaded pistol to the club contemplated more than mere possession and use of the pistol. When a homicide is committed with a firearm, defendant's conduct with regard to the firearm may be an aggravating factor if such conduct helped to create the circumstances leading to the crime. *See State v. Green*, 62 N.C. App. at 4-5, 301 S.E. 2d at 922 (Although the use of a gun was not a proper aggravating factor, concealment of the gun could be considered as an aggravating factor because it was "a factor in the occurrence of the crime."). The owner testified that he told defendant to "take that gun and get off my property and please don't come back no more." This testimony demonstrates that the owner was concerned that defendant's presence with a gun would lead to trouble. Moreover, we note that the trial court did not find the statutory aggravating factor that "[t]he defendant was armed with or used a deadly weapon at the time of the crime." G.S. 15A-1340.4(a)(1)(i). Significantly, the trial court felt compelled to find a different, non-statutory factor. This fact, in our view, indicates that the court considered defendant's conduct in carrying the pistol to the club, rather than the use of the pistol in the crime, to be the real aggravating factor.

[3] Under these facts, we are of the opinion that the trial court could properly have found as a non-statutory aggravating factor that defendant returned to the club carrying a loaded pistol after

his encounter with the owner. However, since G.S. 15A-1340.4(a)(1) provides that "the same item of evidence may not be used to prove more than one factor in aggravation," the trial court erred in using the same evidence to find the two separate factors of (i) carrying a pistol to the club, and (ii) returning to the club. *See State v. Higson*, 310 N.C. 418, 423-24, 312 S.E. 2d 437, 440-41 (1984). Defendant's *return* to the club still carrying the loaded pistol precipitated the crime.

In view of our analysis above, we find no merit in defendant's argument that the aggravating factor of his return to the club is not reasonably related to the purposes of sentencing. Evidence which increases a defendant's culpability may properly be considered as an aggravating factor. *State v. Perry*, 316 N.C. 87, 110-11, 340 S.E. 2d 450, 464-65 (1986); G.S. 15A-1340.3. Defendant in this case returned with a loaded pistol to a location where he previously had had trouble and had been told to stay away. He thus created a dangerous situation which resulted in the shooting. This conduct clearly increased his culpability with respect to the crime.

[4] Defendant's final assignment of error is that the trial court was acting under a misapprehension of law when it failed to sentence defendant as a committed youthful offender. Defendant contends that the trial judge erroneously believed that defendant was not eligible to be treated as a youthful offender pursuant to G.S. 148-49.11, 49.14.

Defendant was eighteen years old at the time of his trial and therefore came within the statutory definition of "youthful offender." G.S. 148-49.11. The trial court was free, however, to decline to sentence defendant as a committed youthful offender. G.S. 148-49.14. The only basis for defendant's argument is the trial court's statement that it "could not" sentence defendant as a committed youthful offender.

Defendant's argument is frivolous. Any doubts as to the trial court's knowledge of the applicable law were erased when it made specific findings as to both offenses that defendant should not obtain the benefit of release as a committed youthful offender. Such findings are required by G.S. 148-49.14, and the trial court was not required to state the reasons for its findings in the record.

*State v. White*, 37 N.C. App. 394, 399, 246 S.E. 2d 71, 74 (1978). The assignment of error is overruled.

We find no error in defendant's trial. Because we find that the trial court erred in its findings of aggravating factors and imposed a sentence greater than the presumptive term for voluntary manslaughter, that case must be remanded for a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 602, 300 S.E. 2d 689, 701 (1983).

No. 86CRS8237—no error (assault).

No. 86CRS8236—sentence vacated and remanded for rehearing (manslaughter).

Judges WELLS and PHILLIPS concur.