STATE v. LUNDIN

[116 N.C. App. 715 (1994)]

---

STATE OF NORTH CAROLINA v. PETER KENNETH LUNDIN, Defendant

No. 931SC1065

(Filed 1 November 1994)

**Criminal Law § 1098 (NCI4th)— same evidence used to find guilt and aggravating factor—new sentencing hearing**

Defendant is entitled to a new sentencing hearing for voluntary manslaughter where the trial court's basis for the aggravating factor of malice was that the killing resulted from manual strangulation, evidence of which was necessary to prove the unlawful killing, and this same evidence could not be used to support an aggravating factor.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal by defendant from judgment entered 13 July 1993 by Judge William C. Griffin in Dare County Superior Court. Heard in the Court of Appeals 29 August 1994.

Defendant was charged in a true bill of indictment with the murder of his mother, Anna Schaftner Lundin. On 13 July 1993, he pled guilty pursuant to a plea arrangement to the lesser charge of voluntary manslaughter. In sentencing defendant, the trial court found as a nonstatutory aggravating factor that the act was committed with malice and found as a nonstatutory mitigating factor that defendant's continued exposure to stress and conflict created by his mother's alcoholism contributed to and mitigated the commission of the offense. The court found the aggravating factor outweighed the mitigating factor and sentenced defendant to the maximum term of imprisonment of twenty years. From the judgment entered, defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Melissa L. Trippe and Associate Attorney General Virginia A. Gibbons, for the State.*

*Aycock, Spence & Butler, by W. Mark Spence, for defendant appellant.*

ARNOLD, Chief Judge.

Defendant argues that the trial court erred in imposing the maximum sentence and finding as an aggravating factor that the act was committed with malice. Specifically, he contends that the court erred in finding malice when its stated reason for doing so was that the act was committed by manual strangulation, and that absent evidence of manual strangulation, no evidence supports a finding of malice.

Defendant pled guilty to voluntary manslaughter, which is defined as "the unlawful killing of a human being without malice, express or implied, and without premeditation and deliberation." *State v. Brown,* 64 N.C. App. 578, 579, 307 S.E.2d 831, 832 (1983). Following his plea, the trial court held a sentencing hearing, at the conclusion of which the trial court found as a nonstatutory aggravating factor "that the act was committed with malice by its very nature." Defendant objected that the court's finding was not based on sufficient evidence to support it. Following defendant's objection, the court responded "I said I believe that manual strangulation supports that finding." Based on the court's comments, defendant contends that the basis for the aggravating factor was that the killing resulted from manual strangulation, evidence of which was necessary to prove the unlawful killing, and that this same evidence could not be used to support an aggravating factor. We agree.

"Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . ." N.C. Gen. Stat. § 15A-1340.4(a)(1) (1988). In *State v. Heidmous,* this Court held that the trial court erred in finding as a factor in aggravation for a charge of voluntary manslaughter that the "[d]efendant, with malice, intentionally shot and killed her husband with a deadly weapon to wit: a shotgun." 75 N.C. App. 488, 491, 331 S.E.2d 200, 201 (1985). We stated that, standing alone, a finding of malice would have been proper. *Id.* at 492, 331 S.E.2d at 202. However, the trial court also found, within the same aggravating factor, that the defendant killed the victim with a deadly weapon. *Id.* Based on *State v. Green,* 62 N.C. App. 1, 301 S.E.2d 920, *modified on other grounds and aff'd,* 309 N.C. 623, 308

S.E.2d 326 (1983), we reasoned that since evidence of the use of a deadly weapon was necessary to prove the unlawful killing, use of the weapon could not also be used as an aggravating circumstance. *Id.* Although we noted that the trial court most likely intended to find only malice as an aggravating factor, we remanded the case for resentencing, stating that "we are not in a position to second guess the meaning of an obviously ambiguous aggravating factor." *Id.* at 492-493, 331 S.E.2d at 202.

This case differs from *Heidmous* in that (1) the court's comments about manual strangulation supporting the finding were not directly coupled with the court's finding of malice, and (2) the court's comments were not included in the written findings. We do not believe these differences warrant distinguishing this case from *Heidmous.* Had this defendant been tried by a jury, they would necessarily have found, in order to convict him, that the unlawful killing resulted from manual strangulation. As such, use of manual strangulation to find malice would have been improper. *See State v. Evangelista,* 319 N.C. 152, 165, 353 S.E.2d 375, 384 (1987) (stating that "[f]or the jury to convict the defendant of involuntary manslaughter . . . it necessarily found that the defendant was armed with and discharged a firearm. Therefore, the possession and discharge of the firearm in effect became an element of the offense . . . ."). Furthermore, we do not believe the court's comments can be disregarded as mere surplusage simply because they were not directly coupled with the court's statement finding malice and did not appear in the written findings. While the court was not required to state a basis for its findings in aggravation and mitigation, such a statement, once made, cannot be ignored.

Contrary to defendant's contention that no other evidence supports a finding of malice, the evidence in this case provides ample support for a finding of malice. " 'Malice is not only hatred, ill-will, or spite, as it is ordinarily understood—to be sure that is malice—but it also means that condition of mind which prompts a person to take the life of another intentionally without just cause, excuse, or justification.' " *State v. Moore,* 275 N.C. 198, 206, 166 S.E.2d 652, 657 (1969) (quoting *State v. Benson,* 183 N.C. 795, 799, 111 S.E. 869, 871 (1922)).

Until her disappearance in April 1991, the victim lived in Haywood County with defendant and her husband. On 1 November 1991 her body was discovered at the National Seashore Park. An autopsy disclosed that the cause of death was strangulation. The victim's neighbors and mailman told investigating officers that the victim had

**STATE v. LUNDIN**

[116 N.C. App. 715 (1994)]

been regularly abused both physically and verbally by defendant and his father over the past several years. In addition, the neighbors stated that the victim had come to their home on more than one occasion bleeding from cuts to her face and once had a swollen leg that she thought might have been broken. One neighbor, Ms. Hartzell, said that the victim told her she was afraid her husband and son would kill her if Ms. Hartzell moved away. The victim was in fact killed by defendant within a week or two after Ms. Hartzell moved away from the area.

The victim had a drinking problem and, according to defendant, had been drinking on the day he killed her. The victim allegedly approached defendant with a pair of scissors and said she was going to cut his hair. Defendant said he did not want his hair cut but the victim insisted, grabbed him by the hair, and would not let go. Defendant then grabbed the victim by her shirt collar and pulled until he felt her go limp. He laid her on the floor and saw her open her eyes. Defendant left the home for a while and when he returned, he discovered she was dead. He wrapped the body in a blanket and plastic bags, secured it with rope and duct tape, transported the body from Haywood County to the Outer Banks, and buried it. After his arrest, defendant allegedly told his cellmate that he killed the victim and that, although his father was not present at the time of the murder, he and his father had previously talked of killing the victim because she was difficult to get along with and an alcoholic.

The circumstances surrounding the killing, and the lack of just cause, excuse, or justification for the killing do support a finding of malice. But, because the court erred in basing its finding on the evidence of strangulation, we must remand this case for resentencing. *See State v. Davy*, 100 N.C. App. 551, 397 S.E.2d 634, *disc. review denied*, 327 N.C. 638, 398 S.E.2d 871 (1990).

Remanded for resentencing.

Judges MARTIN and THOMPSON concur.