State v. Judge

---

STATE OF NORTH CAROLINA v. JAMES ALLEN JUDGE

No. 804SC554

(Filed 21 October 1980)

1. **Criminal Law § 34.7– defendant's threats against witness – competency to show motive**

   In this homicide prosecution, a witness's testimony that defendant had made threats against the witness in the victim's presence approximately an hour before the killing and that the victim intervened was relevant to show the relationship between defendant and the victim and a possible motive of defendant in pursuing the quarrel at the time the victim was killed.

2. **Criminal Law § 99.4– comments by trial court – no expression of opinion on witness's credibility**

   The trial court did not express an opinion on the credibility of a witness when defense counsel asked the witness whether he knew that liquor was served in the house where the killing in question occurred, the witness asserted his Fifth Amendment rights, and the court told the witness that defense counsel was "not accusing you of serving it" and then stated, "I won't require him to answer because I don't think — I just won't," since the court's remarks amounted to no more than a ruling on the question asked the witness.

APPEAL by defendant from *Fountain, Judge*. Judgment entered 9 January 1980 in Superior Court, DUPLIN County. Heard in the Court of Appeals 8 October 1980.

Defendant was properly indicted for murder of one Lawrence Steve Rogers.

In summary, the evidence for the State tended to show that Marvin Lee, Lawrence Steve Rogers, and defendant were together at about 9:15 a.m. on 29 September 1979. Lee and defendant had an argument, and Rogers intervened. Lee testified that he observed defendant produce a ten inch long, silver-blade, switch-blade knife with a light brown handle, and he heard defendant tell Rogers that he was not afraid of him. Lee left the area. Later that morning, defendant and Rogers were at a pool hall, and a fight started between them when defendant beat on the bar and told Rogers he was not afraid of him. It culminated in defendant's stabbing Rogers in the chest. An autopsy revealed that Rogers bled to death as the result of the stab wound. Defendant presented no evidence.

Defendant was found guilty of manslaughter, and he was sentenced to serve a minimum of 18 and a maximum of 20 years in prison. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Kaye R. Webb, for the State.*

*Louis Jordan, for defendant appellant.*

ERWIN, Judge.

[1] Defendant first contends that testimony elicited by the State from Marvin Lee concerning threats made by defendant against Lee and in the presence of Rogers was irrelevant and prejudicial.

The test of the relevancy of evidence "is whether it tends to shed any light on the subject of the inquiry or has as its only effect the exciting of prejudice or sympathy." *State v. Braxton,* 294 N.C. 446, 462, 242 S.E. 2d 769, 779 (1978). Evidence offered by the State, which tends to prove a relevant fact, "will not be excluded merely because it also shows defendant to have been guilty of an independent crime. [authorities omitted] Where evidence tends to prove a motive on the defendant's part to commit the crime charged, it is admissible even though it discloses the commission of another offense by the defendant." *State v. Cherry,* 298 N.C. 86, 109, 257 S.E. 2d 551, 565 (1979).

Lee testified, over objection, that defendant stated to Lee, and in the presence of Rogers, that " 'I ain't never liked you and you got Indian blood in you and I'm going to open you up and see some of it.' " Lee testified that at that point, Rogers intervened and told defendant that he was "ridiculous of starting a fuss." We hold that the evidence complained of was relevant to indicate the relationship between defendant and Rogers that morning and a possible motive of the defendant in pursuing the quarrel approximately one hour to one and one-half hours later. This assignment of error is overruled.

[2] Defendant assigned error to comments made by the trial court during the following exchange in the course of cross-examination of a State's witness who was at the pool hall:

"Q. [By defense counsel] You know they serve liquor in that house?

A. I'll take the Fifth Amendment on that.

Court: He's not accusing you of serving it.

Mr. Jordan: If Your Honor please, I ask the Court —

Court: I won't require him to answer because I don't think — I just won't. Go ahead to something else.

EXCEPTION NO. 18."

Defendant argues that the trial court expressed an opinion on the strength of the evidence or the credibility of the witness to the prejudice of defendant.

"[A] remark by the court in admitting or excluding evidence is not prejudicial when it amounts to no more than a ruling on the question or where it is made to expedite the trial." *State v. Cox*, 6 N.C. App. 18, 24, 169 S.E. 2d 134, 138 (1969). The probable effect of the comment upon the jury must be examined, considering the comment in the light of the circumstances under which it was made. *Id.*

We are of the opinion that the remark made by the trial judge amounted to no more than a ruling on the question, and it was not prejudicial to defendant. This assignment of error is overruled.

Defendant received a trial free from prejudicial error.

No error.

Judges ARNOLD and HILL concur.