STATE OF NORTH CAROLINA v. MELVIN SURGEON

No. 8112SC1045

(Filed 6 April 1982)

Criminal Law § 34.8— evidence of prior crimes—proper to show common plan or scheme

In a prosecution for armed robbery, evidence of defendant's previous involvement in unspecified armed robberies tended to establish a common plan or scheme to use a weapon during the commission of robbery for the purpose of obtaining money and was properly admissible.

APPEAL by defendant from *Clark, Judge*. Judgment entered 22 April 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 5 March 1982.

The defendant, Melvin Surgeon, was indicted on two counts of armed robbery, convicted of both charges, and given consecutive prison sentences of 30 years to life and 22 to 30 years. Both robberies occurred within a six-hour period on 3 December

1980, the first being at Auto Insurance and the second being at Beck's Motel.

*Attorney General Edmisten, by Assistant Attorney General Reginald L. Watkins, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant appellant.*

BECTON, Judge.

The sole issue on appeal is whether the trial court erred in admitting evidence of prior crimes committed by defendant. Before discussing the applicable rules of law, we set out first, in context, the challenged testimony:

[A.] [The defendant] made a statement to me regarding the robbery of Beck's Motel. He said that he did Beck's Motel alone except for the person who was driving the car. I asked him if it was a man or woman and he wouldn't tell me. He would not implicate anyone else in any of the other crimes.

Q. Did you ask him about any other robbery here in Fayetteville?

A. Yes, I did.

Q. And did he make any statement about any other robbery here in Fayetteville?

A. Yes, he did. Several others.

Q. Did he make any other statements about robbery in general?

A. He said that he usually stuck with armed robbery —

MR. MORRIS: Your Honor, I'm going to object to all this. This has got nothing to do with the alleged offenses.

COURT: Overruled, sir, on those grounds.

A. He said that he usually stuck with armed robberies.

MR. MORRIS: Well, objection.

COURT: Overruled.

MR. MORRIS: Motion to strike.

COURT: Denied, sir.

We must determine whether the trial court properly admitted this evidence of other crimes as being relevant to the issues in the case *sub judice*. Since evidence of other crimes is likely to have a prejudicial effect on the fundamental right of the accused to a fair trial, the general rule is this: In a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent or separate offense, even though the other offense is of the same nature as the crime charged. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). However, "[t]he general rule excluding evidence of the commission of other offenses by the accused is subject to certain well-recognized exceptions, which are . . . founded on as sound reasons as the rule itself." *Id*. at 174, 81 S.E. 2d at 366. Two of the exceptions enunciated in *McClain* are "motive" and "a common plan or scheme." With regard to these two exceptions, the McClain Court said:

> 5. Where evidence tends to prove a motive on the part of the accused to commit the crime charged, it is admissible even though it discloses the commission of another offense by the accused. [Citations omitted.]

> 6. Evidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission. [Citations omitted.] Evidence of other crimes receivable under this exception is ordinarily admissible under the other exceptions which sanction the use of such evidence to show criminal intent, guilty knowledge, or identity.

*Id*. at 176, 81 S.E. 2d at 367. In the case *sub judice* the defendant's statement acknowledges previous involvement in unspecified armed robberies and tends to establish a common plan or scheme to use a weapon during the commission of a robbery for the purpose of obtaining money. On the basis of *McClain* we believe the challenged testimony to be relevant. *See State v. Carey*, 288 N.C. 254, 269-70, 218 S.E. 2d 387, 397 (1975), *death*

*sentence vacated* 428 U.S. 904, 49 L.Ed. 2d 1209, 96 S.Ct. 209 (1976), and *State v. Grace*, 287 N.C. 243, 213 S.E. 2d 717 (1975). To state our position differently, we quote from Judge Erwin's opinion in *State v. Judge*, 49 N.C. App. 290, 291, 271 S.E. 2d 89, 90 (1980):

> The test of the relevancy of evidence "is whether it tends to shed any light on the subject of the inquiry or has as its only effect the exciting of prejudice or sympathy." *State v. Braxton*, 294 N.C. 446, 462, 242 S.E. 2d 769, 779 (1978). Evidence offered by the State, which tends to prove a relevant fact, "will not be excluded merely because it also shows defendant to have been guilty of an independent crime. [authorities omitted] Where evidence tends to prove a motive on the defendant's part to commit the crime charged, it is admissible even though it discloses the commission of another offense by the defendant." *State v. Cherry*, 298 N.C. 86, 109, 257 S.E. 2d 551, 565 (1979).

In the defendant's trial, we find

No error.

Judge WELLS and Judge HILL concur.