STATE OF NORTH CAROLINA v. MACK LEO THOMPSON

No. 828SC747

(Filed 15 February 1983)

1. **Criminal Law § 138— Fair Sentencing Act—erroneous findings of aggravating factors**

    In imposing a sentence for felonious breaking or entering and felonious larceny, the trial court erred in finding as aggravating factors that (1) the offenses were for pecuniary gain and (2) they involved an attempted taking of property of great monetary value where the only evidence in the record as to pecuniary gain and the value of property which defendant intended to take or the damage done to the building and its contents was evidence that defendant broke into the building with the intention of taking copper, since this evidence was necessary to prove the elements of breaking or entering and larceny and thus could not be used to prove any factor in aggravation, and since the same evidence was improperly used to support more than one factor in aggravation. G.S. 15A-1340.4(a)(1).

2. **Criminal Law § 138— Fair Sentencing Act—aggravating factors—prior convictions—statements by prosecutor**

    Statements by the prosecutor that there was an indication on defendant's folder that defendant had been convicted of larceny and that it was his memory that defendant had been convicted of larceny in another county were insufficient to support a finding of a prior conviction as an aggravating factor.

3. **Criminal Law § 138— Fair Sentencing Act—aggravating factors—prior convictions—necessity for showing representation by counsel**

    A statement by defendant on cross-examination that he had been convicted of forgery and driving under the influence of alcohol was credible evidence of prior convictions. However, the State had the burden of proving that defendant was not indigent or that he had waived counsel at the time of his prior convictions, G.S. 15A-1340.4(e), and defendant's statement was insuffi-

cient proof to support a finding of prior convictions as an aggravating factor where there was no evidence in the record as to the indigency of defendant or his representation by counsel at the time of the convictions.

APPEAL by defendant from *Llewellyn, Judge.* Judgment entered 7 April 1982 in Superior Court, LENOIR County. Heard in the Court of Appeals 19 January 1983.

Defendant was tried for felonious breaking or entering and felonious larceny. The State's evidence tended to show that Ronald Taylor owned a building in Kinston. Equipment, motors and compressors were stored in a shed inside the building. On 2 December 1981, a burglar alarm went off in the building. Law enforcement officers responding to the alarm discovered that a large hole had been torn in the tin which covered the back of the building. Defendant and another man were found inside. Defendant told the officers that he and the other man were "just after copper." Ronald Taylor's brother testified that the motors and compressors contained a great deal of copper and that the motors had been "snatched off the frame and knocked around." A motor was found at the door of a cooler and six other motors were in another walkway. A compressor "had been taken partly apart." One of the officers testified that "[t]he compressor there was torn a loose and someone tried to take some of the copper a loose from it." Another compressor (or motor) which had been enclosed in a wood frame on the other side of the building was missing. No one had permission to be in the building on 2 December 1981.

Defendant testified that the door to the building was unlocked and that he had gone inside "to relieve" himself. He did not move any of the motors or equipment around and did not say anything to the officers about copper. On cross-examination, defendant admitted that he had been convicted of forgery and that he had also been convicted four or five times of driving under the influence. He denied having any larceny convictions.

Defendant was found guilty of breaking or entering and larceny. Prior to sentencing, the prosecutor informed the court that defendant had four or five prior convictions for driving under the influence. The following discourse then took place between the court and the prosecutor:

"Court: What all else has he been convicted of?

Mr. Heath: I have an indication on the folder he's been convicted of two counts of larceny. He has denied it. The only thing I have to offer to the Court is that that shows on his record two convictions for larceny. I do not have any further indication other than that.

Court: He indicated he was convicted of forgery.

Mr. Heath: In this county and it's my memory that the man was convicted in Jones County of larceny. That is my personal memory only. I do not purport to tell the court that is a fact.

In sentencing defendant, the court found as aggravating factors for each of the offenses that:

"The offense was committed for hire or pecuniary gain.

. . . .

The offense involved an attempted or actual taking of property of great monetary value or damage causing great monetary loss, or the offense involved an unusually large quantity of contraband.

. . . .

The defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement."

After finding as a mitigating factor that defendant voluntarily acknowledged wrongdoing to a law enforcement officer prior to arrest or at an early stage of the criminal process, the court concluded that the aggravating factors outweighed the mitigating factor and imposed sentences in excess of the three-year presumptive term for each offense. From the imposition of concurrent sentences of six years for breaking or entering and four years for larceny, defendant appealed.

*Attorney General Edmisten, by Associate Attorney William N. Farrell, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Nora B. Henry, for defendant appellant.*

WEBB, Judge.

All the defendant's assignments of error are addressed to the finding of aggravating factors for the imposition of more than the presumptive sentence. G.S. 15A-1340.4 provides in part:

> (a) . . . If the judge imposes a prison term, whether or not the term is suspended, and whether or not he sentences the convicted felon as a committed youthful offender, he must impose the presumptive term provided in this section unless, after consideration of aggravating or mitigating factors, or both, he decides to impose a longer or shorter term . . . . In imposing a prison term, the judge, under the procedures provided in G.S. 15A-1334(b), may consider any aggravating or mitigating factors that he finds are proved by the preponderance of the evidence, and that are reasonably related to the purposes of sentencing, whether or not such aggravating or mitigating factors are set forth herein, but unless he imposes the term pursuant to a plea arrangement as to sentence under Article 58 of this Chapter, he must consider each of the following aggravating and mitigating factors:
>
> (1) Aggravating factors:
>
> . . . .
>
> c. The offense was committed for hire or pecuniary gain.
>
> . . . .
>
> m. The offense involved an attempted or actual taking of property of great monetary value or damage causing great monetary loss, or the offense involved an unusually large quantity of contraband.
>
> . . . .
>
> o. The defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement. . . .
>
> . . . .

Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation, and the same item of evidence may not be used to prove more than one factor in aggravation.

. . . .

(2) Mitigating factors:

. . . .

1. Prior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer.

. . . .

(b) If the judge imposes a prison term for a felony that differs from the presumptive term provided in subsection (f), whether or not the term is suspended, and whether or not he sentences the convicted felon as a committed youthful offender, the judge must specifically list in the record each matter in aggravation or mitigation that he finds proved by a preponderance of the evidence. If he imposes a prison term that exceeds the presumptive term, he must find that the factors in aggravation outweigh the factors in mitigation, and if he imposes a prison term that is less than the presumptive term, he must find that the factors in mitigation outweigh the factors in aggravation . . . .

. . . .

(e) A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction. . . . No prior conviction which occurred while the defendant was indigent may be considered in sentencing unless the defendant was represented by counsel or waived counsel with respect to that prior conviction. . . .

[1] In this case the court found as aggravating factors that: (1) the offenses were for pecuniary gain and (2) they involved an attempted taking of property of great monetary value. We hold this was error. The only evidence in the record as to pecuniary gain

and to the value of property which the defendant intended to take or the damage done to the building and its contents was the evidence that the defendant broke into the building with the intention of taking copper. This evidence was necessary to prove the elements of breaking or entering and larceny. The statute provides: "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation." The court should not have found aggravating factors based on this evidence. We also note that the same evidence was used to support both these aggravating factors, which is forbidden by the statute.

[2, 3]  The court also found as an aggravating factor that the defendant had a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement. We hold this was error. The evidence as to these crimes consisted of the defendant's statement on cross-examination that he had been convicted of forgery and several charges of driving under the influence of intoxicating beverages. The prosecuting attorney also stated that there was an indication on the folder that he had been convicted of larceny and the prosecuting attorney said that in his memory he had been convicted of larceny in Jones County. We do not believe the statement of the prosecuting attorney is sufficient to support a finding of a prior conviction. As to the statement by the defendant on cross-examination that he had been convicted of forgery and driving under the influence of alcohol, we believe this is credible evidence. G.S. 15A-1340.4(e) provides the proof of a prior conviction *may* be by stipulation of the parties or by the original or certified copy of the court record of the conviction. The statute does not make this the exclusive method of proof and we believe the defendant's own testimony on cross-examination can prove a prior conviction.

Nevertheless, we do not believe there was sufficient proof of the prior convictions to constitute an aggravating factor. The method of proof of prior convictions is set forth in G.S. 15A-1340.4(e). That subsection also provides: "No prior conviction which occurred while the defendant was indigent may be considered in sentencing unless the defendant was represented by counsel or waived counsel with respect to that prior conviction." There is no evidence in the record as to the indigency of the defendant or his representation by counsel at the time of the prior convictions. The court could not have found by a

preponderance of the evidence that the defendant was not indigent or that he had counsel or had waived it at the time of his prior convictions. We believe this is a feature of the aggravating factor of prior convictions that has to be proved. We do not believe the burden should be on the defendant to prove he was indigent and did not have counsel or waive counsel. The statute provides for a presumptive sentence unless the aggravating factors outweigh the mitigating factors. The burden should be on the State to prove the aggravating factors if the presumptive sentence is not to be imposed.

We reverse the judgment of the superior court as to the sentences imposed and remand for a new hearing if either party so desires. If neither party moves for a new hearing, the presumptive sentences will be imposed in both cases.

Reversed and remanded.

Judges BECTON and PHILLIPS concur.