STATE OF NORTH CAROLINA v. HENRY P. FARMER

No. 8218SC660

(Filed 15 February 1983)

Criminal Law § 138— sentencing—aggravating factor—prior convictions—insufficient evidence—necessity for findings as to representation by counsel

The evidence did not support the trial court's finding as an aggravating factor in imposing sentence that defendant had prior convictions punishable by more than 60 days where neither the State, the trial court, nor defense counsel knew for certain in which state defendant had been convicted or if defendant's prior convictions were punishable by more than 60 days imprisonment. Furthermore, a prior conviction could not properly be considered as an aggravating circumstance without findings by the trial court as to whether defendant was indigent at the prior proceedings and, if so, whether defendant was represented by counsel. G.S. 15A-1340.4(e).

APPEAL by defendant from *Davis, Judge*. Judgment entered 15 February 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 12 January 1983.

Defendant pled guilty to, and was convicted of, one count of felonious child abuse, pursuant to N.C. Gen. Stat. § 14-318.4 (1981). That offense is a Class I felony, punishable by a presumptive term of two (2) years and a maximum term of five (5) years imprisonment. N.C. Gen. Stat. § 15A-1340.4(f)(7) and N.C. Gen. Stat. § 14-1.1(a)(9) (1981).

At the sentencing hearing, the trial court found one factor in mitigation and one factor in aggravation, and further found that the aggravating factor outweighed the mitigating factor. As a consequence, the five-year sentence was imposed. Defendant took

exception to the finding of the factor in aggravation and appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General William B. Ray, for the State.*

*Robert L. McClellan, Assistant Public Defender, for the defendant appellant.*

BECTON, Judge.

The dispositive issue on this appeal is whether there was a sufficient evidentiary basis for the trial court's finding that defendant had prior convictions punishable by more than sixty (60) days imprisonment. The trial court used that finding as a factor in aggravation of defendant's sentence. We hold, for the following reasons, that there was not a proper evidentiary basis for that finding.

G.S. § 15A-1340.4(e) provides, in pertinent part:

(e) A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction. The original or certified copy of the court record, bearing the same name as that by which the defendant is charged, shall be prima facie evidence that the defendant named therein is the same as the defendant before the court, and shall be prima facie evidence of the facts set out therein. *No prior conviction which occurred while the defendant was indigent may be considered in sentencing unless the defendant was represented by counsel or waived counsel with respect to that prior conviction.* [Emphasis added.]

In this case, a State's witness testified: "[Defendant] was convicted for petty larceny, in West Virginia, where he served . . . approximately 18 days." Defense counsel, in response to the trial court's later inquiry, stated: "[Defendant] was convicted of petty larceny in either Virginia, or West Virginia, and received a 30-day sentence" and was convicted of driving under the influence of intoxicants. We are troubled by the suggestion in the record that neither the State, the trial court, nor defense counsel, knew for

certain in which state defendant had been convicted or if defendant had prior convictions punishable by more than sixty (60) days imprisonment. More important, however, the trial court failed to make a finding concerning whether defendant was indigent at the prior proceedings, and if so, whether he was represented by counsel. In light of the clear mandate of G.S. § 15A-1340.4(e), such a finding was required before the prior conviction(s) could properly be considered. We therefore state the rule governing the use of prior convictions under G.S. § 1340.4, *et seq.*: A prior conviction is not automatically a factor to be used "to aggravate" or to enhance a defendant's sentence. A prior conviction which occurred while the defendant was indigent cannot be used unless defendant was represented by counsel or waived counsel in the earlier proceeding.

Accordingly, we vacate the sentence imposed by the trial court and remand for proceedings not inconsistent with this opinion.

Vacated and remanded.

Judges WEBB and PHILLIPS concur.