STATE OF NORTH CAROLINA v. FORREST GREEN

No. 822SC1074

(Filed 3 May 1983)

**1. Homicide § 15.2— prior argument between defendant and victim—admissible to show motive**

In a prosecution for second degree murder, the trial court properly admitted evidence of an argument between defendant and the victim which occurred several days prior to the homicide since the evidence was admissible to show defendant's motive and mental intent or state.

**2. Homicide § 19.1— exclusion of testimony concerning character of victim—no evidence of self-defense—exclusion proper**

In a prosecution for second degree murder, the trial court properly excluded testimony regarding the general character and reputation of the victim in the community and his reputation as "a violent and dangerous man," where the defendant had introduced no evidence as to self-defense.

**3. Criminal Law § 138— manslaughter—aggravating factor—use of deadly weapon—element of offense**

Defendant's use of a deadly weapon to shoot his victim, and thereby accomplish the unlawful killing which constituted the offense of manslaughter, could not properly be considered as a factor in aggravation.

**4. Criminal Law § 138— manslaughter—aggravating factor—concealment of deadly weapon—properly considered**

Where a homicide emanated from a game of cards involving defendant and the victim, evidence that defendant carried a concealed weapon was evidence that he committed a separate criminal offense, G.S. 14-269, without which the offense may have been averted; therefore, concealment of a deadly weapon was properly considered by the court as a factor in aggravation.

1

5. **Criminal Law § 138— Fair Sentencing Act—aggravating factors—prior convictions—necessity of showing representation by counsel and defendant not indigent**

 Since the burden is on the State to prove that, at the time of the prior convictions, the defendant either was not indigent, was represented by counsel, or waived counsel and since the record contained no evidence regarding these matters, the court could not have found them by a preponderance of the evidence, and the prior convictions of defendant in a homicide case were improperly considered as factors in aggravation.

 Judge WEBB concurring.

 Judge BRASWELL dissenting.


APPEAL by defendant from *Small, Judge.* Judgment entered 10 June 1982 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 12 April 1983.

Defendant was tried for second degree murder and convicted of manslaughter. The court found certain factors in aggravation and mitigation, found that the factors in aggravation outweighed the factors in mitigation, and sentenced defendant to imprisonment in excess of the presumptive term.

Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Steven F. Bryant, for the State.*

*Franklin B. Johnston for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court erred in admitting evidence of, and instructing the jury regarding, an argument between defendant and the victim which occurred several days prior to the homicide. This evidence was admissible to show defendant's motive and mental intent or state, and to indicate the relationship between defendant and the victim. *See State v. Cherry,* 298 N.C. 86, 109, 257 S.E. 2d 551, 565 (1979), *cert. denied,* 446 U.S. 941, 100 S.Ct. 2165, 64 L.Ed. 2d 796 (1980); *State v. Bailey,* 49 N.C. App. 377, 380-82, 271 S.E. 2d 752, 754-55 (1980), *disc. rev. denied,* 301 N.C. 723, 276 S.E. 2d 288 (1981); *State v. Judge,* 49 N.C. App. 290, 291-92, 271 S.E. 2d 89, 90 (1980). The contention is thus without merit.

[2]  Defendant further contends the court erred in excluding testimony regarding the general character and reputation of the victim in the community and his reputation as "a violent and dangerous man." He relies on

> the general rule that where the defendant in a homicide prosecution pleads self-defense and there is evidence which tends to show that the killing was in self-defense, evidence of the character of the deceased as a violent and dangerous fighting person is admissible if such character was known to the defendant or the evidence is wholly circumstantial or the nature of the transaction is in doubt.

*State v. Price*, 301 N.C. 437, 450, 272 S.E. 2d 103, 112 (1980).

Defendant sought to elicit the testimony excluded here on cross-examination of a State's witness. At that time he had introduced no evidence as to self-defense. A defendant must present viable evidence of the necessity of self-defense as a condition precedent to the admissibility of evidence regarding the general character of the deceased as a violent and dangerous fighting person. *State v. Allmond*, 27 N.C. App. 29, 30-31, 217 S.E. 2d 734, 736 (1975). Because no such evidence had been presented, the court did not err in sustaining the objections to the inquiries in question.

Defendant finally contends the court erred at the sentencing stage in its findings on factors in aggravation, and in finding that the factors in aggravation outweighed the factors in mitigation.

[3]  The court found, as a factor in aggravation, that the defendant was armed with or used a deadly weapon. "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . ." G.S. 15A-1340.4(a)(1) (Cum. Supp. 1981). This Court has held use of a deadly weapon improperly considered as a factor in aggravation in second degree murder cases, on the ground that evidence thereof was essential to prove malice, which is an element of second degree murder. *State v. Gaynor*, 61 N.C. App. 128, 130, 300 S.E. 2d 260, 261 (1983); *State v. Keaton*, 61 N.C. App. 279, 300 S.E. 2d 471 (1983). We now consider whether, standing alone, use of a deadly weapon to shoot a victim, and thereby accomplish an unlawful killing, may prop-

erly be considered as a factor in aggravation in manslaughter cases.

Manslaughter "is defined as the unlawful killing of a human being without malice, express or implied, without premeditation and deliberation, and without the intention to kill or to inflict serious bodily injury." *State v. Roseboro,* 276 N.C. 185, 194, 171 S.E. 2d 886, 892 (1970), *death sentence reversed,* 403 U.S. 948, 29 L.Ed. 2d 860, 91 S.Ct. 2289 (1971). To convict of manslaughter, then, the State must prove an unlawful killing.

The unlawful killing proven here was accomplished by shooting the victim with a gun, a deadly weapon. Evidence of use of the deadly weapon to shoot the victim was thus necessary to prove the unlawful killing, which was the essence of the offense.

The General Assembly has prescribed, for consideration as a factor in aggravation, that "[t]he defendant was armed with or used a deadly weapon at the time of the crime." G.S. 15A-1340.4(a)(1)(i) (Cum. Supp. 1981). We do not believe, however, that it intended this factor to be used to enhance sentences in cases where the offense itself is an unlawful killing accomplished by shooting the victim with a deadly weapon. If the deadly weapon was used in a manner which rendered "[t]he offense . . . especially heinous, atrocious, or cruel," that may properly be considered as a factor in aggravation. G.S. 15A-1340.4(a)(1)(f) (Cum. Supp. 1981). Standing alone, however, we hold that defendant's use of a deadly weapon to shoot his victim, and thereby accomplish the unlawful killing which constitutes the offense of manslaughter, cannot properly be considered as a factor in aggravation.

[4] The court found, as a further factor in aggravation, that the deadly weapon with which defendant was armed was concealed upon his person. While it is somewhat incongruous to disallow, as a factor in aggravation, actual use of the weapon, while allowing its mere concealment, for reasons set forth below we hold that the court could properly consider it.

Concealment of the weapon may well have been a factor in the occurrence of the crime. The homicide here emanated from a game of cards involving defendant and the victim. Had the weapon been visible, the victim might well have altered his behavior toward defendant during the game, or have taken other

precautions which would have prevented the shooting. Evidence that defendant carried a concealed weapon was evidence that he committed a separate criminal offense, G.S. 14-269, without which the offense here might have been averted. We thus hold that this factor was properly considered.

[5] The court finally found, as a factor in aggravation, that the defendant had a prior conviction or convictions for criminal offenses punishable by more than sixty days' confinement. G.S. 15A-1340.4(e) (Cum. Supp. 1981), in pertinent part, provides:

> No prior conviction which occurred while the defendant was indigent may be considered in sentencing unless the defendant was represented by counsel or waived counsel with respect to that prior conviction.

This Court has indicated that the burden should be on the State to prove that, at the time of prior convictions, the defendant either was not indigent, was represented by counsel, or waived counsel; and that the Court cannot find these matters by a preponderance of the evidence when the record contains no evidence with regard thereto. *State v. Thompson,* --- N.C. App. ---, 300 S.E. 2d 29, 33 (1983). *See also State v. Farmer,* --- N.C. App. ---, 299 S.E. 2d 842 (1983). *See State v. Massey,* 59 N.C. App. 704, 705, 298 S.E. 2d 63, 65 (1982), which indicates the contrary, however.

The record here contains no evidence regarding whether defendant was not indigent, was represented by counsel, or waived counsel at the time of his prior convictions. The court thus could not have found these matters by a preponderance of the evidence, and the prior convictions were therefore improperly considered as factors in aggravation. *State v. Thompson, supra.*[1]

---

1. The author of the majority opinion, speaking only for himself and not for the majority, states the following with regard to the issue of the burden of proof as to prior convictions:

If I were writing on a clean slate, I would place this burden on the defendant. I so indicated in *State v. Massey,* 59 N.C. App. 704, 705, 298 S.E. 2d 63, 65 (1982).

The statement in *Massey* was not essential to resolution of the issue presented in that defendant's brief, however; and this Court subsequently has held expressly that the State has the burden. *State v. Thompson, supra; State v. Farmer, supra.*

We find no error in the trial. For the reasons stated, the sentence is vacated and the case is remanded for resentencing. *See State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983).

No error; sentence vacated, remanded for resentencing.

Judge WEBB concurs.

Judge BRASWELL dissents.

Judge WEBB concurring.

In light of the footnote to the majority opinion and the dissenting opinion, I file this opinion concurring with the result reached by the majority as to the aggravating factor of prior convictions.

I believe *State v. Thompson,* 60 N.C. App. 679, 300 S.E. 2d 29 (1983) and *State v. Farmer,* 60 N.C. App. 779, 299 S.E. 2d 842 (1983) were decided correctly. G.S. 15A-1340.4(a)(1)o provides that

---

In his concurring opinion Judge Webb makes a persuasive case for that position. I remain unconvinced, however. Allocation of the burden of proof in this situation is appropriately for the legislature. While that body has not clearly allocated it, I do not believe it intended to make either absence of indigency or assistance of counsel in indigent situations an "element" of the aggravating factor of prior convictions, thereby placing the burden on the State to prove absence of indigency or assistance of counsel, just as it must prove an element of a criminal offense. I believe, instead, that it intended merely to provide defendants with a means to resist a finding of prior convictions as an aggravating factor in appropriate cases.

Twenty years after *Gideon,* cases in which a defendant was convicted while indigent and unrepresented should be the exception rather than the rule. A defendant generally will know, without research, whether this occurred. In my view it is not the preferable policy to put the State to the burden of producing records, at times from multiple counties or even multiple jurisdictions, to establish something which only rarely will enable a defendant to resist a finding of the prior convictions as an aggravating factor, and which, when it will, is generally within the defendant's knowledge without the necessity of research, possibly in a multiplicity of geographical areas.

If defendant here is to have equal justice with the defendants in *Thompson* and *Farmer,* though, the holdings there must also apply here. Until the General Assembly or the Supreme Court resolves the issue, then, preferably, in my view, by placing the burden on the defendant, I consider myself bound to follow those cases, despite disagreement with the policy they establish.

if there is proof by a preponderance of the evidence that a defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement, this may be considered as an aggravating factor for the imposition of a sentence in excess of the presumptive sentence. G.S. 15A-1340.4(e) provides that a prior conviction which occurred while a defendant was indigent may not be considered unless the defendant was represented by counsel or waived counsel with respect to that prior conviction.

G.S. 15A-1340.4 does not say who has the burden of proving non-indigency, counsel, or waiver of counsel which this section makes an element of the aggravating factor of a prior conviction. We have under our common law and constitutional system required that the State prove the elements of a crime in order to convict a defendant. *See Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975). In light of this tradition, I do not believe we should require a defendant to prove the lack of an element in the aggravating factor of a prior conviction. The imposition of a sentence which may be many years in prison in excess of the presumptive sentence is not a trivial matter. I believe the State should be required to prove the elements of an aggravating factor which may trigger extra years in prison.

I do not, as the majority opinion apparently does, agree with the reasoning of the minority. It is not a question of the suppression of evidence of a prior conviction. The evidence of the prior conviction was admitted. This is not enough to support the aggravating factor of a prior conviction, however. This aggravating factor also requires evidence that the defendant either was not indigent or that he was represented by counsel or had waived counsel. There was no such evidence in this case.

I do not believe the admission of a confession at a trial without objection is in any way comparable to the issue which we face. If the defendant does not object to the admission of a confession, he cannot complain about it on appeal. In this case the required evidence was not introduced at all. The "silent record" point does not reward the lazy lawyer any more than a lawyer is ever rewarded when the party with the burden of proof does not present evidence sufficient to meet this burden. I do not believe we have put any affirmative duty on the judge to ask the defend-

ant or anyone else whether he is "unconditionally positive" the defendant was not indigent. The judge should determine the issue on the evidence presented. To say, as does the dissent, that "[t]he record is 'silent' only because the defendant voluntarily chose for it to be 'silent'" begs the question. The defendant did not object to any evidence as to his indigency or waiver of counsel because no such evidence was offered. I do not, as the dissent seems to think, believe there is a "constitutional error" involved. We are concerned with the interpretation of a statute. The statute says the court may not find a prior conviction as an aggravating factor if the defendant was indigent at the time of the conviction unless he was represented by counsel or had waived counsel. The statute does not say who must prove non-indigency, representation by counsel, or the waiver of counsel. Under our tradition of requiring the State to prove what is necessary to send a person to prison, I do not think we should, in this case, require the defendant to prove a negative in an aggravating factor in order not to serve additional years in prison.

Judge BRASWELL dissenting.

I respectfully dissent from that portion of the majority opinion which disallows the use of a prior conviction as an aggravating factor in the sentencing hearing on the ground that the record is silent as to whether the defendant was indigent, represented by counsel or waived counsel at the time of his prior conviction.

It has been 20 years since *Gideon v. Wainwright,* 372 U.S. 335, 9 L.Ed. 2d 799, 83 S.Ct. 792, 93 A.L.R. 2d 733 (1963), and its enunciation of the constitutional principle of the right to counsel. The doctrine of waiver of right to counsel, and waiver of other constitutional rights, is ageless.

The concept of requiring that an objection or motion to suppress be made whenever counsel or a party desires to challenge the admissibility of evidence is a cornerstone of our trial procedure. To erase the necessity of making an objection or motion to suppress to the admission of evidence of a prior conviction in the sentencing stage of a criminal trial creates an undesirable procedural rule which is not required by statute or constitution. The majority opinion follows a higher standard for the admission

of evidence of prior convictions than for the reception into evidence of proof of any other statutory aggravating factor.

The rule of law on reception of evidence in the sentencing stage of a trial is more relaxed and less stringent than in the case in chief. The sentencing hearing statute, G.S. 15A-1334(b), provides in part: "Formal rules of evidence do not apply at the hearing."

I would also compare the underlying alleged constitutional issue with the subject of confessions. In a criminal trial, the State can offer a confession as substantive evidence of guilt, and the defense counsel may fail (for whatever reason) to object or move to suppress. Counsel will know that the record is silent on whether the officer gave the defendant his *Miranda* warnings and silent on whether the defendant did or did not want a lawyer before confessing, or whether the defendant was indigent. However, our law is that because the defendant did not object or move to suppress the introduction of the confession in the trial division, he may not assign as error on appeal the admission of the confession at trial. The silent record becomes a legally binding waiver of the right to inquire later whether defendant had actually said he wanted an attorney or was indigent. The failure on counsel's part to object to the confession does not require either the District Attorney or Judge to object for the defendant, nor does the failure to object require a suppression hearing.

The "silent record" point, upon which remand is granted, rewards the lazy lawyer who did not object or who did not investigate his client's record. It may be that on remand a defendant will not be found to have been indigent at his prior conviction case, or if indigent, that he waived counsel, and in such situations the remand serves only to delay, is time consuming, and is costly to the State. Our record on appeal does not show any allegation that in fact the appellant was indigent or that on remand he will be successful in eliminating this "prior conviction" from being considered against him as an aggravating factor. Nor should such allegations properly be placed in a record on appeal. This is a subject matter that should have been specifically addressed by the trial judge after an appropriate objection.

Also, the "silent record" point will in the future make the trial judge have the affirmative duty (in order to insure against

needless remands) to ask the defendant, his counsel, and the District Attorney if they are unconditionally positive that the defendant had counsel, or was not indigent, or did not waive his right to counsel concerning the prior conviction. Such a duty should not be placed upon a trial judge. Any duty must be placed on defendant and his counsel by requiring a proper objection or motion to suppress at the sentencing stage.

The record is "silent" only because the defendant voluntarily chose for it to be "silent." Otherwise, he would have objected or moved to suppress. Even when the record is "silent," the power of choice *not* to assign the point as error on appeal remains with the defendant. It is not such a severe constitutional error so as to automatically require a remand for a resentencing hearing when it is raised on appeal for a first time. If the defendant did object at the sentencing stage about no counsel at his prior conviction, then the trial judge would have had the opportunity to ask questions or conduct a *voir dire* as to admissibility. Otherwise, the trial judge is saddled with having violated a defendant's constitutional rights in the admission of evidence when he is innocent of any knowledge that the defendant wishes to raise the issue of "no counsel." As far as the judge knows, the defendant and his counsel were "silent" because none of the defendant's rights were being violated.

The doctrine of waiver ought to apply as a matter of law on these facts. A criminal defendant can lawfully waive a substantive right as well as a procedural right. A constitutional right may also be waived. In 1970 our Supreme Court in *State v. Mitchell*, 276 N.C. 404, 409-10, 172 S.E. 2d 527, 530 (1970), fused these principles into our jurisprudence with these words:

> "It is elementary that, 'nothing else appearing, the admission of incompetent evidence is not ground for a new trial where there was no objection at the time the evidence was offered.' [Citations omitted.] An assertion in this Court by the appellant that evidence, to the introduction of which he interposed no objection, was obtained in violation of his rights under the Constitution of the United States, or under the Constitution of this State, does not prevent the operation of this rule."

To grant appellate relief by remanding for a hearing, giving due consideration to the record in this case, is to pass upon a constitutional question in the appellate division that was not affirmatively raised and passed upon in the trial division. *See Edelman v. California*, 344 U.S. 357, 97 L.Ed. 387, 73 S.Ct. 293 (1953); *State v. Parks*, 290 N.C. 748, 228 S.E. 2d 248 (1976).

The use of a prior conviction for a criminal offense, punishable by more than 60 days' confinement, as an aggravating factor in sentencing is authorized by G.S. 15A-1340.4(a)(1)o. A method by which prior convictions may be proved is set forth in G.S. 15A-1340.4(e). Subsection (e) provides in part:

> "No prior conviction which occurred while the defendant was indigent may be considered in sentencing unless the defendant was represented by counsel or waived counsel with respect to that prior conviction. A defendant may make a motion to suppress evidence of a prior conviction pursuant to Article 53 of this Chapter. If the motion is made for the first time during the sentencing stage of the criminal action, either the State or the defendant is entitled to a continuance of the sentencing hearing."

I would hold that the above-quoted statute means that the judge can consider the prior conviction if the defendant fails to move to suppress or object or ask for a *voir dire.* The wording of the statute is that "a defendant *may* make a motion to suppress . . . ." (Emphasis added.) For tactical reasons counsel may not wish to suppress and may wish to explain away or simplify that which otherwise could be serious. If there is a motion to suppress, then the State would have the burden of proving the acceptable prior conviction. Absent the motion to suppress or an objection, there is no burden on the State to show on the record, affirmatively and automatically, that the defendant had counsel, waived counsel or was not indigent at his prior conviction.

Although the defendant presents by his third question whether the trial judge committed reversible error "in finding that the aggravating factors outweigh the mitigating factors," in his brief he states, after his discussion of the judge's use of the .38 caliber pistol as an aggravating factor, "The only other factor in aggravation *meets the statutory definition* but seems to be inconsequential in light of the defendant's explanation of such con-

viction." (Emphasis added.) From a reading of the judgment, "the only other factor" left in the case was the evidence of a prior conviction punishable by more than 60 days' confinement. Thus, in his brief the defendant has conceded that in this case this aggravating factor "meets the statutory definition" of the existence of usable evidence of a prior conviction, and should be treated as "inconsequential in light of the defendant's explanation." The explanation of the prior conviction mentioned in defendant's brief shows that in the guilt phase (not sentencing stage) of the trial, and by *redirect* examination, defendant explained that he was convicted for carrying a concealed weapon in 1972 and that the weapon was a knife, something like a motorcycle knife.

The defendant himself makes no point that he ought to have a new sentencing hearing because the judge did not determine the counsel issue for the prior conviction. Neither should this Court make the point for him on this record.