STATE OF NORTH CAROLINA v. ROBERT MILTON FOSTER

No. 8228SC1292

(Filed 2 August 1983)

**Criminal Law § 138— aggravating factors improperly considered in determining sentence**

In a prosecution for robbery with a firearm under G.S. 14-87, the trial court improperly considered as factors in aggravation that (1) the offense was committed for pecuniary gain, and (2) the defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement. Evidence necessary to prove the offense of armed robbery was also used to prove the pecuniary gain factor which is proscribed by G.S. 15A-1340.4(a). Further, the trial judge failed to find specifically that in the defendant's prior convictions, he was not an indigent or, if he were an indigent, he was represented by counsel as required by G.S. 15A-1340.4(e).

Judge BRASWELL concurring in part and dissenting in part.

APPEAL by defendant from *Lewis (Robert D.), Judge.* Judgment entered 22 July 1982 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 18 July 1983.

*Attorney General Edmisten, by Assistant Attorney General Thomas G. Mecham, Jr., for the State.*

*Assistant Public Defender Lawrence C. Stoker, for the defendant.*

ARNOLD, Judge.

Defendant appeals from a conviction of robbery with a firearm under G.S. 14-87 for which he received a prison sentence.

A careful review of the record and the transcript before us reveals no error in the defendant's trial.

The trial judge gave the defendant a sentence of 18 years, which was in excess of the minimum 14-year term prescribed by G.S. 14-87(d). Two factors were found in aggravation:

3. The offense was committed for pecuniary gain. . . .

15. The defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days con-

finement, including larceny, breaking or entering, assault with a deadly weapon, escape and robbery.

Although one factor was found in mitigation, the trial judge concluded that the factors in aggravation outweighed those in mitigation.

Both aggravating factors were erroneously considered. Evidence necessary to prove the offense of armed robbery, a taking of goods or money of any *value, see State v. Black,* 286 N.C. 191, 209 S.E. 2d 458 (1974), was also used to prove the pecuniary gain factor. This is proscribed by G.S. 15A-1340.4(a).

In addition, the trial judge failed to find specifically that in the defendant's prior convictions, he was not an indigent or, if he were an indigent, he was represented by counsel. The court in *State v. Thompson,* 61 N.C. App. 679, 300 S.E. 2d 29, *disc. rev. allowed,* 308 N.C. 391, 302 S.E. 2d 258 (1983), held that before prior convictions can be proved by the defendant's own testimony on cross-examination, as was done here, G.S. 15A-1340.4(e) requires the State to show by a preponderance of the evidence that the defendant was not indigent or that he had or waived counsel at the time of his prior convictions. That was not done in the case *sub judice.*

Because the factors in aggravation were improperly considered, we remand for resentencing. *See State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983).

No error in the trial. Remanded for resentencing.

Judge WELLS concurs.

Judge BRASWELL concurs in part and dissents in part.

Judge BRASWELL concurring in part and dissenting in part.

I concur in that portion of the opinion which finds no error in defendant's trial.

As to the aggravating factor of pecuniary gain found by the trial judge in the sentencing hearing, I agree that this factor was erroneously considered, but I would hold that the error does not by statute or by constitution require a resentencing hearing. The

defendant failed to object, except, move to suppress, or assign as error the erroneous use of this aggravating factor in sentencing.

I dissent from the holding that places the burden of proof upon the State to show that the defendant was indigent or waived counsel when using a prior conviction as an aggravating factor. In my view the majority are misreading G.S. 15A-1340.4(e). My reasons are the same as expressed in my dissent in *State v. Green*, 62 N.C. App. 1, 301 S.E. 2d 920 (1983). In the present case the defendant did not object, except, move to suppress, or assign as error the erroneous use of a prior conviction as an aggravating factor in sentencing.

We should not *sua sponte* raise collateral points that do not go to the jurisdiction of the court when the parties have raised no objection to the action below, have taken no exception, and have not assigned the topic as error. *See Dilliplaine v. Lehigh Valley Trust Co.*, 475 Pa. 255, 322 A. 2d 114 (1974), for a discussion on when appellate courts should consider basic and fundamental error despite specific exception or assignment of error.

I dissent from the decision awarding any resentencing hearing.