STATE v. SMITH

[125 N.C. App. 562 (1997)]

———————————

STATE OF NORTH CAROLINA v. GARY MARICE SMITH

No. COA96-341

(Filed 4 March 1997)

**1. Evidence and Witnesses § 871 (NCI4th)— victim's motivation—testimony not hearsay**

Testimony by a shooting victim's brother that the victim wanted to talk with defendant prior to the shooting "to find out what reason [defendant] wanted to shoot him" was not inadmissible hearsay because it was offered to explain the victim's motivation for going across the street to talk to defendant and not to prove that defendant threatened to kill him.

**Am Jur 2d, Evidence §§ 664, 667.**

**2. Evidence and Witnesses § 906 (NCI4th)— hearsay testimony—admission to show premeditation and deliberation—conviction of voluntary manslaughter—harmless error**

The admission of hearsay testimony by a shooting victim's relative that he told defendant prior to the shooting that he "heard that [defendant] told someone that he was going to shoot up the [victim's] trailer house" was harmless error where the testimony was admitted to establish a specific intent to kill the victim after premeditation and deliberation, and defendant was convicted of voluntary manslaughter, which does not require a finding of malice and deliberation.

**Am Jur 2d, Criminal Law § 908; Evidence §§ 659, 661.**

**3. Criminal Law § 1096 (NCI4th Rev.)— voluntary manslaughter—use of firearm—enhancement of sentence improper**

The trial court erred in enhancing the defendant's sentence for voluntary manslaughter, a Class E felony, because he was armed with a firearm at the time he committed the offense, even though use of the firearm was not an element of voluntary manslaughter, since defendant's use of the firearm was used to prove an element of the offense. N.C.G.S. §§ 14-2.2, 15A-1340.16A(a).

**Am Jur 2d, Criminal Law §§ 537, 538, 599.**

Appeal by defendant from judgment entered 12 September 1995 by Judge Narley L. Cashwell in Columbus County Superior Court. Heard in the Court of Appeals 13 January 1997.

*Michael F. Easley, Attorney General, by Hal F. Askins, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Staples Hughes, Assistant Appellate Defender, for defendant-appellant.*

WYNN, Judge.

Having been charged with the first degree murder of Cleveland Barden, Jr. on 7 November 1994, defendant Gary Marice Smith pled not guilty at his trial on 16 August 1995 in Columbus County Superior Court. As proof of his guilt, the State presented evidence which we summarize as follows:

On 6 November 1994, Floyd Baldwin, the deceased's brother, saw defendant go into Barden's trailer in Whiteville seeking from Barden the repayment of a $350 debt due to him. After hearing cursing and the sounds of a struggle, Baldwin saw Barden throw defendant out the front door of the trailer.

The next day, Barden asked Baldwin to accompany him across the street to talk to defendant at a used car lot. On their arrival at the lot, defendant jumped up from between two cars, walked toward Barden with his right hand behind his back, held up his left hand and told Barden not to walk toward him. Barden held up both his hands, lifted his shirt, and took off his black leather hat which he held in his left hand, waving it back and forth. As he continued walking toward defendant, Barden told defendant that he did not have a gun. Defendant shot Barden when they were an arm's length apart.

Defendant agreed that he went to Barden's trailer on 6 November 1994 and to the car lot the next day; but in his defense, he presented a different version of the events which we summarize as follows:

Inside the trailer, Barden jumped on defendant and threw him out the front door. The next day, he saw Baldwin and Barden walking across the street toward the car lot. Defendant knew that Barden was a drug dealer who carried a gun with him nearly everywhere he went. He asked a car lot employee to tell them to leave him alone. When the men continued to approach the car lot, defendant told the men that he did not want any trouble and showed them a gun that he kept in his car. Defendant fearing that Barden and Baldwin were going to kill him, asked the men to leave, but Barden kept walking toward him while holding his hands up. When Barden suddenly lunged at him, defendant fired the gun.

At the close of all the evidence, the jury returned a verdict of guilty of voluntary manslaughter. At sentencing, the trial court made no written findings of aggravation or mitigation, but applied the firearm enhancement provision of the Structured Sentencing Act to impose an active sentence of 85 to 120 months. Defendant appeals from his conviction and sentence.

---

The issues on appeal are: (I) Whether the trial court committed prejudicial error by allowing the prosecutor to introduce inadmissible hearsay into evidence, and (II) Whether the trial court improperly applied the firearm enhancement provision to increase defendant's sentence under the Structured Sentencing Act. We find no prejudicial error in the determination of defendant's guilt, but find error in the application of the enhancement provision and therefore remand for resentencing.

I.

On the merits of his conviction, defendant objects to the trial court permitting Floyd Baldwin to testify that the deceased wanted to talk to defendant prior to the shooting "to find out what reason [defendant] wanted to shoot him." Defendant also objects to the testimony of Don Baldwin, Floyd Baldwin's brother, who testified he confronted defendant prior to the shooting and told him that he "heard that [defendant] told someone that he was going to shoot up the [victim's] trailer house." Defendant contends that the trial court committed prejudicial error by allowing the prosecutor to bring before the jury inadmissible hearsay that defendant had declared that

**STATE v. SMITH**

[125 N.C. App. 562 (1997)]

he intended to shoot Barden, thereby violating his constitutional right to confront witnesses. For the following reasons, we find that defendant's objections do not warrant the award of a new trial on the question of his guilt.

Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801 (1992). "When evidence of a statement by someone other than the testifying witness is offered for a purpose other than to prove the truth of the matter asserted, the evidence is not hearsay." *State v. Reid*, 335 N.C. 647, 661, 440 S.E.2d 776, 784 (1994) (citation omitted).

[1] In the instant case, Floyd Baldwin's testimony does not qualify as hearsay because it was offered to explain the victim's motivation for going across the street to talk to defendant, not to prove that defendant threatened to kill him.

[2] On the other hand, Don Baldwin's testimony clearly did contain hearsay and the State does not argue in its brief nor is there evidence in the record that it was admissible under any of the hearsay rule's exceptions. Therefore, the trial court erred by admitting that testimony into evidence, but this error was harmless.

In considering whether a violation of a defendant's constitutional right (confrontation clause) constitutes prejudicial error, the issue is whether the error was harmless beyond a reasonable doubt. *State v. Jolly*, 332 N.C. 351, 360-61, 420 S.E.2d 661, 667 (1992) (citation omitted). In the instant case, the evidence complained of was apparently offered to establish a specific intent to harm or kill the victim after premeditation and deliberation. The statement could have provided some evidence of malice as well. Specific intent, premeditation and malice are elements required to establish first or second degree murder. N.C. Gen. Stat. § 14-17 (1993). The defendant, however, was found guilty of voluntary manslaughter, which does not require a finding of malice or premeditation. *State v. Fleming*, 296 N.C. 559, 562, 251 S.E.2d 430, 432 (1979). It follows that the admission of Don Baldwin's testimony was harmless beyond a reasonable doubt in the determination of defendant's guilt on the charge of voluntary manslaughter.

Nevertheless, defendant argues that if a juror believed the inadmissible testimony that defendant had threatened to shoot Barden, then that juror would have had much more of a reason to believe that

defendant, although not acting with malice, was in a state of mind which led him to respond unreasonably to the confrontation. We disagree.

The record shows that the victim attacked defendant the day before the shooting. Defendant knew the victim was a drug dealer and that he usually carried a gun. Finally, the victim and his brother were about to confront defendant in the car lot and defendant testified that he feared for his life. This evidence shows that defendant was in a state of mind which led him to respond unreasonably to the situation. In the face of this direct evidence supporting this element of his conviction, we find that the error in admitting Don Baldwin's testimony was harmless beyond a reasonable doubt.

II.

[3] Following the return of the jury's verdict of guilty of voluntary manslaughter, the trial court noted that the offense was a Class E felony, and the parties agreed that because defendant had no points for qualifying prior convictions, he would be subject to a prior record level of Level I under N.C. Gen. Stat. § 15A-1340.14 of the Structured Sentencing Act. The prosecutor then asked the court to "make a finding that the Defendant was armed with a deadly weapon at the time of the crime, since use of a deadly weapon is not a necessary element of voluntary manslaughter." The prosecutor asserted that such a finding would bring into play the sentencing enhancement worked by N.C. Gen. Stat. § 14-2.2 and § 15A-1340.16A which essentially state:

> If a person is convicted of a Class A, B1, B2, C, D, or E felony and the court finds that the person used, displayed, or threatened to use or display a firearm at the time of the felony, the court shall increase the minimum term of imprisonment to which the person is sentenced by 60 months.

N.C.G.S. § 15A-1340.16A(a).

Both statutes make their enhancement provisions inapplicable in cases in which "evidence of the use, display, or threatened use or display of a firearm is needed to prove an element of the underlying . . . felony." N.C.G.S. § 14-2.2(b)(2); N.C.G.S. § 15A-1340.16A(b)(2). However, in the instant case, the trial court apparently agreed with the prosecutor's contention that the statutes' applicability turned on whether use or display of a firearm is actually an *element* of the offense. We disagree.

**STATE v. SMITH**

[125 N.C. App. 562 (1997)]

Under these statutes, the pertinent question is whether the use of a firearm is necessary "*to prove* an element," not whether it is an actual element. The law is well-settled that when use of firearm is used to prove an element of the underlying offense, it cannot later be used to enhance the punishment for the same offense. *See State v. Evangelista,* 319 N.C. 152, 353 S.E.2d 375 (1987); *State v. McKinney,* 88 N.C. App. 659, 364 S.E.2d 743 (1988); *State v. Heidmous,* 75 N.C. App. 488, 331 S.E.2d 200 (1985); State v. Green, 62 N.C. App. 1, 301 S.E.2d 920, *modified on other grounds,* 309 N.C. 623, 308 S.E.2d 326 (1983). For example, in *Green,* this Court held that under the Fair Sentencing Act, the defendant's use of a deadly weapon was improperly used as an aggravating factor to lengthen the sentence for a voluntary manslaughter conviction. The Court reasoned:

> The unlawful killing proven here was accomplished by shooting the victim with a gun, a deadly weapon. Evidence of use of the deadly weapon to shoot the victim was thus necessary to prove the unlawful killing, which was the essence of the offense.

62 N.C. App. at 4, 301 S.E.2d at 921.

In the instant case, the State contends that it could have proven that defendant was guilty of manslaughter without ever mentioning the gun, therefore, it was not necessary to prove an element of the offense. We disagree. The trial court specifically instructed the jury that in order to find defendant guilty of manslaughter, it had to find, *inter alia,* that he intentionally killed Barden with a deadly weapon. Therefore, as in *Green,* the possession and discharge of the gun to shoot the victim was necessary to prove the unlawful killing, which was the essence of the offense of voluntary manslaughter.

In sum, we find that defendant received a trial free of prejudicial error but remand for resentencing.

Chief Judge ARNOLD and Judge COZORT concur.