STATE OF NORTH CAROLINA v. MICHAEL WAYNE MOORE

No. 8318SC4

(Filed 1 November 1983)

1. **Criminal Law § 75.15— admissibility of confession—defendant not under influence of drugs—supporting evidence**

The evidence supported the trial court's determination that defendant was not under the influence of drugs when he confessed and that his confession was voluntary where there was evidence that defendant's stomach was pumped out at a hospital soon after his arrest; the attending physician testified that defendant showed only slight signs of drug use; a deputy sheriff who observed defendant later that night testified that defendant did not appear to be drugged and had no difficulty responding logically to questions; defendant was questioned the next day by two FBI agents who read defendant his *Miranda* warnings and asked defendant if he understood them; defendant replied that he understood; and when the agents began asking questions about a robbery, defendant neither asked for an attorney nor demanded that the interrogation cease and thereafter admitted his involvement in the robbery.

State v. Moore

2. Criminal Law § 138— aggravating factor—no necessity for findings as to indigency and counsel

    The trial court did not err in considering defendant's prior convictions as an aggravating factor in imposing sentence without making findings that defendant was not indigent at the time of the prior convictions or that he waived or was represented by counsel where defendant neither objected to the introduction of evidence of the prior convictions nor offered evidence that he was indigent and unrepresented by counsel at the time of those convictions.

APPEAL by defendant from *Helms, Judge.* Judgment entered 26 May 1982 in GUILFORD County Superior Court. Heard in the Court of Appeals 22 September 1983.

Defendant was arrested in Robeson County on 6 October 1981 and charged with taking more than $44,000.00 at gunpoint from a High Point branch of Wachovia Bank on 25 September 1981.

After a one-day jury trial, defendant was found guilty of robbery with a firearm and sentenced to 35 years in prison. Bank employees were unable to make positive identifications of defendant, and therefore a statement made by defendant was vital in tying defendant to the robbery. On appeal, defendant argues first that the confession was involuntarily made and secondly, that the trial judge erred in sentencing him to a jail term two and a half times greater than the presumptive term.

Evidence for the defendant tended to show that at the time of his arrest, defendant had been without sleep and had used large amounts of cocaine for the previous eight to ten days. Moments before he was arrested, defendant consumed half an ounce of cocaine to prevent police from seizing the substance. Defendant recalled little of the next several days and could remember neither being advised of his *Miranda* rights, nor making a statement about the bank robbery to FBI agents on 7 October 1981. Two acquaintances of the defendant, who were also inmates of the Robeson County Jail, testified defendant appeared "stoned out of his mind" when he arrived, and did not recognize them for several days. Defendant's brother also testified that defendant was incoherent when they spoke on the telephone on 7 October 1981.

Evidence for the state tended to show that defendant was taken to a hospital soon after his arrest, where his stomach was

pumped. The attending physician, Dr. Dale L. Kile, testified defendant showed only "slight" signs of drug use. After he was treated at the hospital, defendant was taken to the Robeson County Jail, where he was observed about 8 p.m. on 6 October 1981 by deputy sheriff James Freeman. Freeman testified defendant had red eyes but did not appear to be drugged and had no difficulty responding logically to questions. The day after defendant's arrest, 7 October 1981, he was interviewed by two FBI agents, William T. Schatzman and Franklin D. Watts, Jr. The agents read the *Miranda* warnings to defendant from a preprinted form and Schatzman asked defendant if he understood his rights. Defendant replied that he understood and refused to sign a waiver form. When the agents began asking questions about the September bank robbery, defendant neither asked for an attorney nor demanded that the interrogation cease. Defendant then admitted he had been involved in the bank robbery.

At trial, defendant filed a motion to suppress the statement on the grounds that he was under the influence of drugs on 7 October 1981 and the statement was therefore involuntarily made. After a *voir dire* hearing, the trial judge found that defendant was not under the influence of drugs at the time he made the statement, and denied defendant's motion to suppress. From the judgment entered on the verdict, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General David R. Blackwell, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant.*

WELLS, Judge.

[1] Defendant first argues that the trial court erred in admitting the confession made to the FBI agents on 7 October 1981, on the grounds that the confession was not voluntarily made. Defendant concedes that the trial court's finding of fact that defendant was not intoxicated or drugged at the time the statement was made is binding on appeal if supported by competent evidence. *State v. Oxendine,* 303 N.C. 235, 278 S.E. 2d 200 (1981). There was ample evidence to support the trial court's finding that defendant was not under the influence of drugs on 7 October 1981, in the form of

the testimony of the doctor who treated defendant on 6 October 1981, the deputy sheriff and the two FBI agents.

Nevertheless, the fact that defendant made the confession is not conclusive of the question whether the confession was voluntary. Instead, the "totality of the circumstances" must be considered and these circumstances must demonstrate that the confession was voluntary. *See e.g., State v. Temple*, 302 N.C. 1, 273 S.E. 2d 273 (1981); *State v. Stephens*, 300 N.C. 321, 266 S.E. 2d 588 (1980). The burden is upon the state to demonstrate voluntariness by a preponderance of the evidence. *State v. Johnson*, 304 N.C. 680, 285 S.E. 2d 792 (1982). Our appellate courts commonly consider several factors in determining whether a confession was freely given, including: (1) whether the defendant was given his *Miranda* warnings; (2) whether the defendant was threatened; (3) whether the defendant was promised some reward for confessing; and (4) whether the defendant appeared to understand the questions and to answer logically. *See e.g., State v. Vickers*, 306 N.C. 90, 291 S.E. 2d 599 (1982); *State v. Whitt*, 299 N.C. 393, 261 S.E. 2d 914 (1980); *State v. Pagon*, 64 N.C. App. 295, 307 S.E. 2d 381 (1983). Of course, these factors are neither exclusive nor exhaustive and other circumstances may be important in a particular case.

In the case at bar, the trial court in concluding that defendant voluntarily waived his right to remain silent considered evidence that defendant was read his *Miranda* rights and responded logically to questions by the FBI agents, and that there was no indication that defendant was threatened or promised a reward for confessing. The evidence was sufficient to carry the state's burden, and in the absence of any rebutting circumstances tending to indicate defendant's confession was involuntarily made, defendant's assignment of error must be overruled.

[2] Defendant next argues that the trial judge erred in imposing a jail term two and a half times greater than the statutory presumptive of fourteen years. The trial judge based the sentence upon a finding of two aggravating factors and no mitigating factors. Defendant argues that the trial court erred in considering his prior convictions as an aggravating factor, on the grounds that the state did not first demonstrate that defendant was either (1) not indigent at the time of the former convictions or, if in-

digent, that defendant either (2) waived counsel or (3) was represented by counsel. Defendant cites our decision in *State v. Farmer*, 60 N.C. App. 779, 299 S.E. 2d 842 (1983) as authority for his interpretation of the requirements of the Fair Sentencing Act. Our decision in *Farmer*, however, has been partially overruled by *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983). In *Thompson*, our supreme court held that the defendant has the burden of challenging evidence of prior convictions by either an objection or a motion to suppress. *Thompson* also makes it clear that the defendant has the burden of stating the grounds for his objection or motion to suppress, and of proving those grounds. In the case at bar, defendant neither objected to introduction of evidence of prior convictions nor offered evidence that he was indigent and unrepresented by counsel at the time of those convictions.[1]

　　Defendant's assignment of error must be overruled.

　　No error.

　　Judges ARNOLD and EAGLES concur.

---

1. For offenses committed on or after 1 October 1983, G.S. 15A-980 requires the defendant to bear the burden of both objecting to evidence of prior convictions and of proving that the convictions occurred when defendant was both indigent and unrepresented by counsel.